430 A.2d 692

COMMONWEALTH of Pennsylvania

v.

**Hugh BRESLIN and Daniel Breslin, Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 21, 1981.

Filed May 29, 1981.

Stanford Shmukler, Philadelphia, for appellant (at No. 914).

Joel H. Slomsky, Philadelphia, for appellant (at No. 915).

Edmund G. Flynn, Assistant District Attorney, Strouds-burg, for Commonwealth, appellee.

Before HESTER, DiSALLE and POPOVICH, JJ.

PER CURIAM:

A jury found appellants, Hugh Breslin and Daniel Breslin, guilty of violating § 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act.[1] This direct appeal followed and for the reasons discussed herein, we vacate the judgments and remand for a new trial.

On November 3, 1977, appellants (who are brothers) were arrested and charged with the unauthorized "manufacture, delivery, or possession with intent to manufacture or deliver," methamphetamine.[2] On December 16, appellants were arraigned. Pre-trial motions to suppress evidence, for the production of exculpatory evidence, and for discovery and inspection, including the right to test the substance alleged to be methamphetamine, were made on December 23. The latter motion was granted on Thursday, December 29. The next day, following a brief hearing, the suppression motion was denied. At this hearing only counsel for appellant Hugh Breslin was present; appellants allege that they were not present and did not waive their right to attend.

Trial was scheduled to commence Tuesday, January 3, 1978. On the 3rd, 5th, and 11th of January, due to difficulties in having the alleged methamphetamine tested, appellants requested continuances until the next trial term. Appellants explained to the court that the chemist they desired to use was unavailable until January 16, and that they had contacted two other area laboratories, but neither could perform the tests. The court denied these requests and on

1. The Act of April 14, 1972, P.L. 233, No. 64, § 13 as amended by the Acts of October 26, 1972, P.L. 1048, No. 263, § 1; December 30, 1974, P.L. 1041, No. 340, § 1; and November 26, 1978, P.L. 1392, No. 328, § 2; 35 P.S. § 780–113(a)(30) (Supp.1980–81).

2. *Id.*

January 17, thirty-three days after arraignment, trial commenced.

Appellants argue, and we agree, that the lower court's refusal to grant a continuance was an abuse of discretion. The lower court's explanation, that appellants were dilatory and should have arranged for the tests soon after they were arrested, is not acceptable. The time for a defendant to make pre-trial motion is measured from the date of arraignment, not arrest. ABA Standards for Criminal Justice 11–5.3(c). Appellants properly filed their pre-trial motions only seven days after the arraignment. Their failure to have the tests performed prior to trial does not demonstrate a lack of diligence; only a short period of time elapsed between the date when the motion was granted and the time trial began. Furthermore, they attempted to have the tests performed by two other laboratories.[3] Once the court granted appellants' motion, a reasonable period of time should have been given for compliance. The court's failure to provide appellants with reasonable time for testing was an abuse of discretion. ABA Standards for Criminal Justice 11–5.3(c); Pa.R.Crim.P. 301(b).[4]

Appellants also contend that they are entitled to a new trial because their respective trial counsel were ineffective in failing to ensure appellants' presence at the suppression hearing, and in failing to move to suppress evidence discovered by the use of binoculars. In view of our disposition of the first issue, we need not address these questions.[5]

Judgments vacated and case remanded in accordance with this opinion.

3. Appellants also demonstrated good faith by their offer to waive Pa.R.Crim.P. 1100. The Commonwealth, therefore, would have suffered no prejudice from a continuance.

4. The Commonwealth's argument that appellants had no right to have the alleged drugs analyzed, under then in effect Pa.R.Crim.P. 310, is deceptive. Rule 310 became irrelevant once the court granted appellants' motion.

5. In the event that trial counsel decides that a motion to suppress should be filed, an opportunity to do so shall be granted.