435 A.2d 896

**Pat SEIDEL, Appellant**

v.

**GREAT FACTORY STORE.**

Superior Court of Pennsylvania.

Argued May 27, 1981.

Filed Oct. 9, 1981.

256

Arnold J. Wolf, Philadelphia, for appellant.

Andrew L. Braunfeld, Norristown, for appellee.

Before WICKERSHAM, McEWEN and WIEAND, JJ.

PER CURIAM:

This appeal is from the dismissal of a complaint, pursuant to authority contained in Montgomery County Rule of Civil Procedure 302(d), for failure to file a timely brief in response to preliminary objections and from a subsequent refusal by the court to vacate the earlier order. For reasons hereinafter appearing, we reverse the later order and remand for further proceedings.

On December 14, 1979, the appellant, Pat Seidel, caused a five count complaint to be filed against the appellee, Great Factory Store. On February 19, 1980, appellee filed preliminary objections in the nature of a demurrer to the complaint, which appellant answered on March 10, 1980. Appellee thereafter caused the case to be listed for argument and

filed its brief. By stipulation of counsel, the time for filing appellant's brief was extended to May 20, 1980. Appellant failed to file his brief by that date, however, and on May 28, 1980 the trial court dismissed the complaint pursuant to authority contained in Montgomery County Rule of Civil Procedure No. 302(d).[1]

On June 5, 1980, appellant presented to the trial court a motion to rescind and vacate the order dismissing the com-

1. At the time of this litigation, Montgomery County Rule of Civil Procedure 302(d) provided as follows:

"Briefs required—In Interlocutory matters, 302(c)(1), briefs or memoranda of law may be submitted by counsel to the court administrator at any time prior to the day of argument or to the hearing judge at the time of argument. In Appealable matters, 302(c)(2), the moving party or parties shall file its brief within 30 days of the filing of the motion, petition or preliminary objection, and shall file the same by giving three copies of the brief to the court administrator's office, who shall stamp the same received, and by serving concurrently therewith copies upon all other parties of record. The court administrator shall distribute to the judge or judges assigned to hear those matters, a copy of said brief or briefs.

"The responding party or parties, within 30 days of the filing and service of the moving party's brief, shall likewise file three copies of its brief with the court administrator's office, who shall stamp the same received, and shall serve concurrently therewith copies upon all other parties of record. The court administrator shall distribute to the judge or judges assigned to hear those matters, a copy of said brief or briefs.

"If the briefs of either the moving party or responding party are not timely filed within the period above stated, unless the time shall be extended prior thereto by the court for good cause and reason shown, the court administrator shall notify the court, and the court shall, without further notice, mark the motion, petition or preliminary objection granted or dismissed, depending upon which party does not comply with the brief filing requirements of this rule. If neither party complies, the court, at the time of argument and upon notification of joint non-compliance, shall impose whatever sanction it deems appropriate. In the case of multiple parties, the relief shall be granted or the action dismissed as appropriate to the position of the non-filing party or parties. The court administrator shall notify the judge or judges to whom the argument has been assigned. There can be no extension of the time for the filing of briefs by agreement of counsel.

"The moving party shall file a praecipe in duplicate with the prothonotary at the time it files its Appealable matter and the prothonotary shall time-stamp the praecipe. The moving party shall serve a copy of the praecipe on opposing counsel or unrepresented party long with the motion or petition."

plaint, alleging that the due date for appellant's brief had been incorrectly diaried and inadvertently overlooked by counsel. The same day, the court dismissed appellant's motion without hearing and without receiving evidence by depositions or stipulation.

On appeal to this Court, appellant argues that Montgomery County Rule 302(d) is invalid because it is inconsistent with the Pennsylvania Rules of Civil Procedure and, in any event, that his default in failing to file a timely brief should have been excused because it was caused by inadvertence on the part of his attorney.

The validity of the Montgomery County Rule 302(d) has been upheld by recent decisions of this Court. In *Dunham v. Temple University*, 288 Pa.Super. 522, 432 A.2d 993 (1981), it was held that Rule 302(d) was not in conflict with Pa.R.C.P. No. 1034(b) or 1037(c). In *Hesselgesser v. Glen-Craft Contractors, Inc.*, 287 Pa.Super. 319, 430 A.2d 305 (1981), a panel of the Court held further that Rule 302(d) was not unreasonable. The panel observed, however, that the court making such a rule has broad power to suspend or disregard the rule to prevent an injustice. It said: "Accordingly, although Rule 302(d) is silent as to the procedure to be followed after a sanction has been imposed, we believe that the Montgomery County Court of Common Pleas would vacate an order imposing a sanction if the noncomplying party, by timely petition, offered a reasonable excuse for its failure to file a brief within the prescrt's refusal to excuse noncompliance constituted an abuse of discretion, its decision would be reversed on appeal." Id., 287 Pa.Super. 319, 430 A.2d 305. See also: *Shapiro v. Albright*, 287 Pa.Super. 455, 430 A.2d 672 (1981).

■ Inadvertence of counsel, if reasonably explained, is an adequate excuse for the failure to file a brief and will justify relief. See generally *Horan v. R. S. Cook & Associates, Inc.*, 287 Pa.Super. 265, 430 A.2d 278 (1981); *St. Joe*

The rule has since been amended, effective October 27, 1980, to give the court discretion to determine and impose an appropriate sanction for failure of a party to comply with the time constraints imposed by the rule.

*Paper Co. v. Marc Box Co., Inc.*, 260 Pa.Super. 515, 394 A.2d 1045 (1978); *Dupree v. Lee*, 241 Pa.Super. 259, 361 A.2d 331 (1976); *Alexander v. Jesray Construction Co.*, 237 Pa.Super. 99, 346 A.2d 566 (1975).

A review of the order and opinion of the trial court in the instant case discloses that the adequacy of the excuse offered by appellant was neither considered nor determined. Appellant's application to vacate the court's dismissal order contained averments that the failure to file a brief had been attributable to an inadvertent failure by counsel to diary the correct date on which the brief was due. Appellee's answer contained an effective denial of those averments. No evidence was taken, and the court made no findings. The motion was disposed of by a simple order of denial. A subsequently filed opinion discussed the reasons for the Montgomery County rule but disclosed affirmatively that there had been no consideration given and no determination made concerning the reasonableness of the excuse offered for appellant's default. Such a determination is essential to our present review.

Therefore, we will reverse the order of June 5, 1980, and remand for further proceedings on appellant's application to vacate the court's dismissal order of May 29, 1980.

It is so ordered.