460 A.2d 730

**Sidney M. DeANGELIS, Appellant,**

v.

**Sandra Schultz NEWMAN, Receiver of the Foerderer Tract Committee, Inc., Appellee.**

Supreme Court of Pennsylvania.

Argued April 27, 1983.

Decided May 27, 1983.

Sidney M. DeAngelis, I.P.P., Norristown, for appellant.

Marvin Wilenzik, Norristown, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

LARSEN, Justice.

On April 24, 1980, appellant, Sidney M. DeAngelis, commenced a suit in equity against appellee, Sandra Schultz Newman, Receiver of the Foeroerer Tract Committee, Inc. seeking specific performance of an Agreement of Sale for a certain tract of real estate. On May 6, 1980, replying to appellant's complaint, appellee filed preliminary objections averring four grounds for relief: (1) objection raising a question of jurisdiction; (2) demurrer; (3) laches; (4) lack of capacity to sue.[1] Two days later appellant filed a notice to take the deposition of appellee by oral examination pursuant to Pa.R.C.P. 4007. Appellee responded to the deposition notice with a motion for a protective order. On May 13, 1980 the court entered a Rule against the appellant to show cause why a protective order should not issue. The Rule was made returnable July 18, 1980. Thereafter the appellant filed a reply to appellee's preliminary objections. On

---

1. At the time the appellee filed preliminary objections, she also filed a brief in accordance with Montgomery County Rule of Civil Procedure 302(d).

June 11, 1980, the court sua sponta dismissed appellant's lawsuit with the following order:

"And now, this 11th day of June, A.D.1980, preliminary objections having been filed by defendant as well as Praecipe for Argument and Briefs in Support thereof, and thirty (30) days having lapsed and no responsive briefs having been filed by plaintiff, the complaint is dismissed as required by M.C.R.C.P. 302(d)."

On appeal to the Superior Court, the lower court's order was affirmed.[2] We granted appellant's petition for allowance of appeal.

The appellant contends that the lower court erred in dismissing his complaint on the ground that he failed to file a responsive brief within thirty (30) days from the time the appellee filed preliminary objections and briefs as required by Rule 302(d) of the Montgomery County Rules of Civil Procedure. For the reasons set forth in our opinion in *Brogan v. Holmes,* 501 Pa. 234, 460 A.2d 1093 (1983), filed May 27, 1983, we agree and reverse.

In *Brogan v. Holmes, supra,* we stated that "Rule 126 [of the Pennsylvania Rules of Civil Procedure][3] is not a judicial recommendation which a court may opt to recognize or ignore. Rather the rule is a statement of the requirement of fairness and establishes an affirmative duty courts are bound to follow in applying all procedural rules whether they be statewide or local in origin." A rule which mandates summary dismissal of a law suit based upon a non-prejudicial procedural error is inconsistent with the fairness required by the Pennsylvania Rules of Civil Procedure.

In cases such as this where a defendant files preliminary objections involving appealable matters, to the plaintiff's

**2.** *DeAngelis v. Newman,* 296 Pa.Super. 642, 440 A.2d 1261 (1981).

**3.** Rule 126 of the Pennsylvania Rules of Civil Procedure provides as follows:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

complaint, the failure to file a brief within the time prescribed by M.C.R.C.P. 302(d) brings different results depending upon which is the defaulting party. If the defendant-preliminary objector fails to comply, the objections are dismissed and the defendant is free to defend on the merits. If, however, it is the plaintiff-respondent who fails to strictly meet the brief filing time requirement, the lawsuit is dismissed. It may very well be that in a given case, a plaintiff's lawsuit should be dismissed. However, a dismissal should not be mandatory when a brief is not filed in strict compliance with a local filing requirement. This would conflict with Rule 126 of the Pennsylvania Rules of Civil Procedure.

The order of the Superior Court is reversed and the case remanded to the lower court for proceedings consistent with this opinion.

ZAPPALA, J., dissents.

NIX, J., files a dissenting opinion.

NIX, Justice, dissenting.

I dissent for the reasons set forth in my dissenting opinion in *Brogan v. Holmes Electric Protective Co., of Philadelphia,* 501 Pa. 234, 243, 460 A.2d 1093, 1096 (1983).