465 A.2d 38

**Patricia J. RICCI**

v.

**Paul A. RICCI, Appellant.**

Superior Court of Pennsylvania.

Argued March 29, 1982.

Filed Sept. 2, 1983.

446

James C. Haggerty, Philadelphia, for appellant.

Diana S. Donaldson, Philadelphia, for appellee.

Before WIEAND, McEWEN and POPOVICH, JJ.

WIEAND, Judge:

In this equity action, exceptions to a decree nisi were dismissed, without considering the merits thereof, because the exceptant failed to file a brief within the time constraints of Montgomery County Rule of Civil Procedure 301(d). On appeal, it is argued that the court erred in denying a request for an extension of time within which to file the exceptant's brief and that, in any event, the local rule is invalid because it conflicts with the Pennsylvania Rules of Civil Procedure. We reverse and remand for further proceedings.

The complaint in this equity action was filed by Patricia J. Ricci, who sought a decree awarding specific performance of a property settlement agreement against her former husband, Paul A. Ricci. After the pleadings had been closed, Paul filed a motion for summary judgment on the grounds that the agreement was illegal, in violation of public policy, and unenforceable as a matter of law. The motion for summary judgment was denied immediately prior to trial. After trial, the court made and filed findings of fact and conclusions of law, together with a decree nisi. Both parties filed exceptions. On August 6, 1980, Patricia

praeciped all exceptions on the argument list and thereby triggered Montgomery County R.C.P. 301(d) which required the parties to file briefs in support of their respective exceptions within thirty days.[1] Paul did not file his brief within the required time, and the court denied a request for an extension. On September 26, 1980, Paul's exceptions were dismissed by an order which provided, in part, as follows: "Plaintiff having filed a praecipe to have both plaintiff's and defendant's exceptions listed for argument and thirty (30) days having passed and defendant having failed to file briefs, *defendant's exceptions are, therefore, dismissed as required by M.C.R.C.P. 301(d)."* (Emphasis supplied.)[2] Paul appealed.

■ There can no longer be any doubt that a Court of Common Pleas has the right to promulgate local rules of procedure. See: 42 Pa.C.S.A. § 323. Local rules, however, must be consistent with and not in conflict with the Pennsylvania Rules of Civil Procedure. *Gonzales v. Procaccio Brothers Trucking Co.,* 268 Pa.Super. 245, 407 A.2d 1338 (1979), allocatur denied October 29, 1979.

1. Montgomery County Rule of Civil Procedure 301(d) provides in pertinent part, as follows:
   "(d) Briefs required—In all cases, upon filing of a praecipe for argument, the following procedures with respect to briefs shall be followed:
   (1) The moving party or parties shall file briefs within 30 days of the date of filing of the praecipe ....
   (2) The responding party or parties, within 30 days of the filing of the moving party's brief, shall likewise file four copies of his brief
   ....
   (3) If the briefs of either the moving party or responding party are not timely filed within the period above stated, unless the time shall be extended prior thereto by the court for good cause and reason shown, the court administrator shall notify the court, and the court shall, without further notice, mark the matter granted or dismissed, depending upon which party does not comply with the brief filing requirements of this rule ...."
   This rule was amended on October 27, 1980, but the amended rule is not before us.

2. Because of appellant's failure to file a timely brief in response to appellee's brief, the court also sustained appellee's exceptions and modified its adjudication in accordance therewith.

■ In *Byard F. Brogan, Inc. v. Holmes Electric Protective Company of Philadelphia,* 501 Pa. 234, 460 A.2d 1093 (1983), the Supreme Court considered Montgomery County R.C.P. 302(d), a local rule which provided for the automatic termination of an action for failure to file timely briefs in certain interlocutory matters. The Court held that "[a] rule which arbitrarily and automatically requires the termination of an action in favor of one party and against the other based upon a non-prejudicial procedural mis-step, without regard to the substantive merits and without regard to the reason for the slip, is inconsistent with the requirement of fairness demanded by the Pennsylvania Rules of Civil Procedure." *Id.,* 501 Pa. at 240, 460 A.2d at 1096. See also: *DeAngelis v. Newman,* 501 Pa. 144, 460 A.2d 730 (1983).

■ The Supreme Court's reasoning applies with equal force to the Montgomery County rule which is in issue in the instant case. Moreover, Rule 301(d) is in conflict with Pa.R.C.P. 1519(b) which requires that "exceptions shall be heard by the court en banc, which shall sustain or dismiss them in whole or in part, and affirm, modify or change the decree nisi accordingly, or enter any other appropriate order." This rule does not contemplate a local rule which requires mandatory and inflexible determinations of exceptions according to the dates of filing briefs and without regard for the merits or other considerations of equity and fairness. See and compare: *Harley Davidson Motor Co., Inc. v. Hartman,* 296 Pa.Super. 37, 442 A.2d 284 (1982).

In the instant case, the trial court dismissed Paul's exceptions solely because his counsel had failed to file a brief within the time allowed therefore by Montgomery County R.C.P. 301(d). The record permits no other explanation; and the court's order itself confirms that it was entered in reliance upon the local rule.[3] This constituted the same

3. The trial court's opinion prepared in response to a petition for reconsideration suggests that "[appellant's] attorneys defended this case without a thorough knowledge of the local rules and the diligence with which they are applied by this Court."

strict application of a local filing rule, without regard for considerations of equity and fairness, which the Supreme Court condemned in *Byard F. Brogan, Inc. v. Holmes Electric Protective Company of Philadelphia, supra.*

Reversed and remanded for proceedings consistent with this opinion.

McEWEN, J., files a concurring opinion.

McEWEN, Judge, concurring:

There can be no question but that the rationale for the decision of the Pennsylvania Supreme Court in *Byard F. Brogan, Inc. v. Holmes Electric Protective Company of Philadelphia,* 501 Pa. 234, 460 A.2d 1093 (1983), with regard to Montgomery County Rule of Civil Procedure 302(d), is every bit as applicable to Montgomery County Rule of Civil Procedure 301(d). Certainly our courts must be slow to reject the cause of litigants in *pro forma* fashion since the failure of counsel to provide for technical compliance is a matter deserving of judicial review and of the exercise of judicial discretion. My study of the opinion of the hearing judge indicates, however, that the hearing judge did not proceed in the summary fashion prescribed by the Rule but, instead, considered the circumstances surrounding the delay as well as the reason for the failure of appellant to comply with the Rule before concluding that an appropriate sanction was to sustain the exceptions of appellee and to dismiss the exceptions of appellant. Nonetheless, as the majority notes, the order of the hearing judge specifically declares that the exceptions that had been filed by appellant "are, therefore, dismissed as required by M.C. R.C.P. 301(d)." We have, therefore, no alternative but to remand.