472 A.2d 674

**WILLS EQUIPMENT COMPANY**

v.

**GOLDMAN ENTERPRISES, INC. and Pennsylvania National Mutual Casualty Insurance Company, Appellants.**

Superior Court of Pennsylvania.

Submitted March 9, 1983.

Filed Feb. 10, 1984.

Thomas I. Puleo, Philadelphia, for appellants.

Donald L. Reihart, York, for appellee.

Before WICKERSHAM, BECK and MONTEMURO, JJ.

WICKERSHAM, Judge:

This is an appeal from the order of the Court of Common Pleas of York County granting appellee's motion for sanctions by entering a default judgment in favor of appellee and against appellants. We reverse and remand.

A close look at the procedural facts is necessary to the determination of this appeal. Appellee, Wills Equipment Company, is a Pennsylvania corporation. Appellant Goldman Enterprises, Inc. (hereinafter referred to as "Goldman") is a New Jersey corporation and appellant Pennsylvania National Mutual Casualty Insurance Company (hereinafter referred to as "Pennsylvania National") is a Pennsylvania Corporation.

This case arises from a contract between the appellee and appellant Goldman, in which appellee agreed to sell, deliver, and install a number of mechanical doors to be used in connection with a construction project at Lakehurst Naval Air Station, Lakehurst, New Jersey. Appellee claims that Goldman did not make full payment for the doors, and on May 8, 1980, appellee filed a complaint in assumpsit against Goldman and also against appellant Pennsylvania National, as surety on a performance and payment bond executed between Goldman and Pennsylvania National.

Both appellants, who at all times relevant to this appeal have been represented by the same counsel, filed preliminary objections to the complaint on June 20, 1980. Specifically, appellants asserted a lack of subject matter jurisdiction over the action on the payment bond and of in personam jurisdiction over Goldman. The court below denied the preliminary objections in an opinion dated November 6, 1980. Thereafter, appellants filed an answer, new matter, and counterclaim. Appellee filed a reply and the pleadings were closed with the filing of appellants' counter-reply on January 12, 1981.

Appellants began discovery by a request for production of documents. On February 13, 1981, appellee served upon Goldman a set of interrogatories. By August 10, 1981, Goldman had not yet answered the interrogatories; therefore, appellee filed a motion for sanctions for failure to answer the interrogatories. Goldman filed an answer to appellee's motion for sanctions on August 24, 1981, in which it requested an additional thirty (30) days to answer the interrogatories. There was apparently no ruling upon that request, but in any case, the thirty days passed without any answers to the interrogatories being served. On December 17, 1981, appellee filed a brief in support of its motion for sanctions, which was served upon Goldman several days later. No responsive brief was filed by Goldman despite Local Rule 31 [1] which required Goldman to file such a brief

1. Local Rule 31 of the York County Rules of Civil Procedure provides, in pertinent part:

Rule 31. Procedure in One-Judge Cases
(a) Filing and service of briefs
(1) Within ten (10) days after the filing of any pleading, motion, petition, or other proceeding raising an issue for disposition by one judge, the party or counsel filing such proceeding shall file with the Prothonotary two (2) copies of a brief in support thereof, shall forthwith serve copies thereof on all other parties of record or their counsel, and shall file with the Prothonotary evidence showing such service.
(2) Within ten (10) days after the service of such brief, all other parties or their counsel desiring to oppose the issue raised by such proceeding shall file with the Prothonotary two (2) copies of a brief in opposition, shall forthwith serve copies thereof on all other

within ten (10) days after service or suffer the relief requested by the appellee. On January 12, 1982, the lower court entered an order pursuant to Local Rule 31 and Pa.R.C.P. 4019 [2] granting the relief requested in appellee's

parties or their counsel, and shall file with the Prothonotary evidence showing such service.

(3) Any moving party or counsel may within five (5) days after the service of an opposing brief file and serve a reply brief.

(4) Upon the failure of the party or counsel filing such proceeding to timely file and serve a brief in support thereof, the Prothonotary shall, upon praecipe of any other party or counsel, mark such proceeding dismissed. The party or counsel filing such praecipe shall forthwith give notice thereof to all other parties or their counsel and shall file with the Prothonotary evidence showing such notice.

(5) Upon the failure of any other party or counsel to timely file and serve a brief in opposition, the party or counsel filing such proceeding may present to the District Court Administrator for entry by the court an order for disposition thereof. The party or counsel obtaining such order shall forthwith serve a copy thereof on all other parties or their counsel, and shall file with the Prothonotary evidence showing such service.

2. Rule 4019 of the Pennsylvania Rules of Civil Procedure provides in pertinent part:

**Rule 4019. Sanctions**

(a)(1) The court may, on motion, make an appropriate order if

(i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005;

(ii) a corporation or other entity fails to make a designation under Rule 4004(a)(2) or 4007.1(e);

(iii) a person, including a person designated under Rule 4004(a)(2) to be examined, fails to answers, answer sufficiently or object to written interrogatories under Rule 4004;

(iv) a party or an officer, or managing agent of a party or a person designated under Rule 4007.1(e) to be examined, after notice under Rule 4007.1, fails to appear before the person who is to take his deposition;

(v) a party or deponent, or an officer or managing agent of a party or deponent, induces a witness not to appear;

(vi) a party or an officer, or managing agent of a party refuses or induces a person to refuse to obey an order of court made under subdivision (b) of this rule requiring him to be sworn or to answer designated questions or an order of court made under Rule 4010;

(vii) a party, in response to a request for production or inspection made under Rule 4009, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested;

(viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.

(2) A failure to act described in subdivision (a)(1) may not be excused on the ground that the discovery sought is objectionable

motion for sanctions by entering a default judgment in favor of appellee and against both appellants. Appellants appeal from both this order and the order denying their preliminary objections.

Appellants raise three issues on appeal:

1. Whether the Court of Common Pleas of York County, Commonwealth of Pennsylvania, lacks subject matter jurisdiction in an action on a bond required pursuant to the provisions of the Miller Act, 40 U.S.C. § 270b(b)?

2. Whether the Court of Common Pleas of York County, Commonwealth of Pennsylvania, lacks in personam jurisdiction over Goldman Enterprises, Inc., a foreign corporation?

3. Whether the Court of Common Pleas erred in entering judgment by default against Defendants for failure to answer interrogatories?

Brief for Appellants at 3.

> unless the party failing to act has filed an appropriate objection or has applied for a protective order.
>
>     *     *     *     *     *     *
>
> (c) The court, when acting under subdivision (a) of this rule, may make
>
> (1) an order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated fact shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;
>
> (3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;
>
> (4) an order imposing punishment for contempt, except that a party may not be punished for contempt for a refusal to submit to a physical or mental examination under Rule 4010;
>
> (5) such order with regard to the failure to make discovery as is just.

We find the third issue to be dispositive of this case.[3]

■   The lower court entered a default judgment against both appellants for failure to answer interrogatories. Clearly this was an error as to appellant Pennsylvania National. The interrogatories were directed to appellant Goldman only; it is Goldman's failure to reply to these interrogatories that precipitated the events herein. Pennsylvania National was not involved in any way with these interrogatories. All parties, including the lower court, concede that the entry of a default judgment against Pennsylvania National was an error. Memorandum Opinion, 2-1-82 at 1; Brief for Appellants at 24; Brief for Appellee at 4. Therefore, we reverse the entry of the default judgment against appellant Pennsylvania National.

In its order dated January 12, 1982, the lower court entered the default judgment in favor of appellee "pursuant to Rule 31 of the York County Rules of Civil Procedure and Rule 4019 of the Pennsylvania Rules of Civil Procedure." In its memorandum opinion, the same court states that the default judgment was entered "for failure to file a brief, in violation of York County Rule 31(a)(5)," and goes on to discuss only that ground. Memorandum Opinion, 2-1-82 at 1. While we are somewhat confused by this inconsistency, we will assume that the order of January 12, 1982 states the correct ground and we will therefore examine both York County Rule 31 and Pa.R.C.P. 4019.

York County Rule 31(a)(2) and (a)(5) provide that where a party or counsel fails to file a brief in opposition to a motion within ten (10) days after the service of a brief in support of the motion, the party filing the motion may present to the District Court Administrator for entry by the court an order for disposition of that motion. This court recently decided a similar case concerning the failure to file a brief within the time constraints of a local rule:

3.  Because of the disposition we make concerning the default judgment, we do not decide appellant's arguments as to subject matter and in personam jurisdiction.

There can no longer be any doubt that a Court of Common Pleas has the right to promulgate local rules of procedure. See: 42 Pa.C.S.A. § 323. Local rules, however, must be consistent with and not in conflict with the Pennsylvania Rules of Civil Procedure. *Gonzales v. Procaccio Brothers Trucking Co.*, 268 Pa.Super. 245, 407 A.2d 1338 (1979), allocatur denied October 29, 1979.

In *Byard F. Brogan, Inc. v. Holmes Electric Protective Company of Philadelphia*, 501 Pa. 234, [460 A.2d 1093] (1983), the Supreme Court considered Montgomery County R.C.P. 302(d), a local rule which provided for the automatic termination of an action for failure to file timely briefs in certain interlocutory matters. The Court held that "[a] rule which arbitrarily and automatically requires the termination of an action in favor of one party and against the other based upon a nonprejudicial procedural mis-step, without regard to the substantive merits and without regard to the reason for the slip, is inconsistent with the requirement of fairness demanded by the Pennsylvania Rules of Civil Procedure." *Id.*, 501 Pa. at 240, 460 A.2d at 1096. See also: *DeAngelis v. Newman*, 501 Pa. 144, [460 A.2d 730] (1983).

*Ricci v. Ricci*, 318 Pa.Super. 445, 465 A.2d 38 (1983).

The local rule in question in *Ricci* was Montgomery County Rule 301(d), a rule that required the court to mark the matter granted or dismissed, depending upon which party did not comply with the 30 day brief filing requirement. In *Byard F. Brogan, Inc. v. Holmes Electric Protective Company of Philadelphia, supra,* and *DeAngelis v. Newman, supra,* the local rule in question was Montgomery County Rule 302(d), which provided for the automatic termination of an action for failure to file timely briefs. In *Seidel v. Great Factory Store*, 291 Pa.Super. 255, 435 A.2d 896 (1981), the lower court dismissed a complaint for failure to file a timely brief in response to preliminary objections on the basis of Montgomery County Rule 302(d). In each of these cases, the lower court's actions were reversed on appeal.

In contrast to the mandatory enforcement required by Montgomery County Rules 301(d) and 302(d) discussed above, Lebanon County Local Rule 1028 as addressed in *Harley Davidson Motor Co., Inc. v. Hartman*, 296 Pa.Super. 37, 442 A.2d 284 (1982) called for a greater exercise of flexibility and discretion on the part of the lower court. This rule provided that any party desiring to oppose the sustaining of preliminary objections must file a brief within ten (10) days after service of the preliminary objections. Upon plaintiff's failure to do so, the defendants certified the record to the court for disposition, which eventually resulted in the dismissal of the complaint. Upon appeal, the superior court reversed on the basis that the lower court should have considered the sufficiency of the complaint before dismissing it. Dismissal without a consideration of the merits of the complaint was an inappropriate disposition.

York County Rule 31 falls somewhere between the mandatory requirements of the Montgomery County Rules and the discretionary requirements of Lebanon County Rule 1028. Upon failure of the responding party to timely file and serve a brief, the moving party *may* present to the District Court Administrator for entry by the court an order for disposition thereof. Presentation of an order to the Court Administrator is clearly optional, but it is unclear whether, after presentation of an order, the court exercises discretion in its disposition of such order. We suspect that such orders are disposed of more or less automatically, assuming the basis for the order is facially correct.

The Pennsylvania Rules of Civil Procedure "[do] not contemplate a local rule which requires mandatory and inflexible determinations of [motions] according to the dates of filing briefs and without regard for the merits or other considerations of equity and fairness." *Ricci v. Ricci, supra*, 318 Pa.Super. at 448, 465 A.2d at 39.

Inadvertence of counsel, if reasonably explained, has been held to be an adequate excuse for the failure to file a brief in accordance with local rules such as York County

Rule 31, and will justify relief. *Seidel v. Great Factory Store, supra,* 291 Pa.Superior Ct. at 258, 435 A.2d at 898.

Rule 4019(a) of the Pennsylvania Rules of Civil Procedure provides that a court may order appropriate sanctions if a party fails to answer interrogatories. Rule 4019(c) lists specific sanctions that the court may order. One of these is an order entering a judgment of non pros or by default. Rule 4019(c)(3). Unlike Local Rule 31, the wording of Pa.Rule 4019 is clear.

> [Pa.R.C.P. 4019] establishes an unequivocal and mandatory procedure. Where answers to interrogatories have not been filed, a motion must be presented to the court to determine the default. *Hanchey v. Elliott Truck Brokerage Company,* 421 Pa. 131, 135, 218 A.2d 743, 745 (1966). Upon finding that a default has occurred, "the court may .. make an appropriate order." Subdivision (c) of Pa.R.C.P. No. 4019 amplifies the scheme of the rule by designating specific sanction orders which may be appropriate under particular circumstances. The imposition of specific sanctions, however, is largely within the discretion of the court. *Pompa v. Hojnacki,* 445 Pa. 42, 45, 281 A.2d 886, 888 (1971). See also: 10 Goodrich-Amram 2d § 4019(a):2.1, 3.1; 5A Anderson Pennsylvania Civil Practice § 4019.2. As a general rule, sanctions will not be imposed in the absence of some wilful disregard or disobedience of a court order or an obligation expressly stated in the Rules. In any event, it is the court which has been given responsibility for overseeing discovery conducted by the parties and which may enter appropriate sanctions to insure the adequate and prompt discovery of matters allowed by the Rules of Civil Procedure.

*     *     *     *     *     *

Pa.R.C.P. No. 4019 envisions a procedure by which the court, when confronted with a failure or refusal to answer interrogatories, will exercise judicial discretion in formulating an appropriate sanction order. This requires

the court to select a punishment which "fits the crime." If a written interrogatory asks for information which, although relevant, is not determinative of the entire controversy, *a default judgment, which in effect is an adjudication of the merits, would seldom, if ever, be appropriate.* Under such circumstances, it would be more appropriate to treat the default as an admission or to disallow proof at trial of such undisclosed information. The need to "fit the punishment to the crime" compels the exercise of judicial discretion. The court is required to strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties. (Emphasis added.)

*Gonzales v. Procaccio Brothers Trucking Co.*, 268 Pa.Super. 245, 251–252, 407 A.2d 1338, 1341 (1979), *allocatur denied* October 29, 1979.

Since we are unclear whether York County Rule 31 permits the exercise of such discretion as demanded by the court in *Gonzales,* we must examine whether the "punishment" of default judgment fits the "crime" of failure to answer the interrogatories. Goldman essentially argues that there was no wilful disobedience or deliberate disregard of a court order for two reasons: (1) there was no court order ever issued compelling the answering of the interrogatories, and (2) failure to answer interrogatories was not disobedience, but merely an inability, due to sickness, to intelligently respond to the interrogatories. Brief for Appellants at 27.

It is true that no orders were entered by the lower court compelling Goldman to answer the interrogatories before the default judgment was entered. But as appellee correctly points out, a request for an order compelling answers to interrogatories is not required by Pa.R.C.P. 4019 or York County Rule 31. Brief for Appellee at 25. However, appellant argues that the entry of the severe sanction of default is punishment not befitting the crime and therefore

an abuse of the court's discretion, especially when other less severe sanctions were available under Pa.R.C.P. 4019.

Rule 4006 of the Pa.Rules of Civil Procedure requires a party served with interrogatories to answer within thirty (30) days after service of the interrogatories. Appellee served its interrogatories on Goldman on February 13, 1981. No answers were served on appellee, despite two written reminders by appellee to Goldman in March and April. In late May or June 1981, the president and principal officer of Goldman suffered a heart attack and was ill for several months. It was this person who alone, apparently, possessed the knowledge and information necessary to answer the interrogatories. On August 10, 1981, appellee's motion for sanctions for failure to answer the interrogatories was filed. At this time, according to the Deposition of Murray H. Goldman, the president of Goldman was still incapacitated and unable to answer the interrogatories. Goldman filed an answer to appellee's motion for sanctions shortly thereafter, which was in turn followed by appellee's answer to Goldman's answer. The record is then blank until December 17, 1981 when appellee filed its brief in support of its motion for sanctions.[4] Goldman was served with this brief on December 21, 1981 and thus, under York County Rule 31, had until approximately the beginning of January 1982 to file its brief. The lower court entered its order of a default judgment on January 12, 1982.

*Bassion v. Janczak,* 299 Pa.Super. 195, 198 n. *, 445 A.2d 521, 522 n. * (1982) (dissenting opinion by Hoffman, J.) suggests the following procedures to be used after a sanction has been imposed and appealed: -

> ... [T]his Court has held that the lower court may vacate an order imposing a sanction if the noncomplying party, by timely petition, offers a reasonable excuse for its failure to file a timely brief. *Hesselgesser v. Glen-Craft*

4. We note that appellee did not file its brief in support of its motion until approximately four months after its motion was filed.

*Contractors, Inc.,* 287 Pa.Superior Ct. 319, 325, 430 A.2d 305, 308 (1981). If the lower court abuses its discretion in deciding upon such a petition to vacate, this Court may reverse upon appeal, *id.,* or it may remand if the record is inadequate to support meaningful appellate review, *Seidel v. Great Factory Store,* 291 Pa.Superior Ct. 255, 435 A.2d 896 (1981). *Cf.* Pa.R.Civ.P. 209. If the noncomplying party does not petition the lower court to vacate its order, but instead appeals directly to this Court, we may reverse if the "record before us clearly reveals a reasonable excuse for appellants' failure to file their brief," *Shapiro v. Albright,* 287 Pa.Superior Ct. 414, 421, 430 A.2d 672, 675 (1981), or may remand if the record is unclear, *id.,* or may affirm if the record on appeal fails to set forth a reasonable excuse. *Dunham v. Temple University,* 288 Pa.Superior Ct. 522, 432 A.2d 993 (1981); *Hesselgesser v. Glen-Craft Contractors, Inc., supra.*

■ We do not condone unnecessary delay in proceedings such as these. However, we find that, due to the combination of the possible automatic application of York County Rule 31, the unduly harsh sanction of a default judgment when other sanctions were readily available, and the uncertainty of the record as to Goldman's reasons for not filing interrogatories, this case should be remanded to the lower court. The lower court should permit Goldman a reasonable time to file a reply brief in opposition to appellee's motion for sanctions, and then, assuming Goldman files such a brief, the court should conduct a hearing on the motion and enter whatever sanctions against Goldman it feels appropriate under Rule 4019(c). *Shapiro v. Albright,* 287 Pa.Super. 414, 430 A.2d 672 (1981).

We vacate the order of January 12, 1982 entering a default judgment against both appellants and remand the case for further proceedings consistent with this opinion.

Order vacated and case remanded. Jurisdiction is relinquished.