474 A.2d 1131

**DREAM POOLS OF PENNSYLVANIA, INC.**

v.

**Frank BAEHR and Mary Ann Baehr, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 3, 1983.

Filed March 30, 1984.

584

James J. Regan, Jr., Bala-Cynwyd, for appellants.

Thomas A. Landis, Lansdale, for appellee.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

WICKERSHAM, Judge:

This is an appeal from the judgment of the Court of Common Pleas of Montgomery County, entered in favor of appellee and against appellants for $1650.00.[1]

Appellee, Dream Pools of Pennsylvania, Inc., entered into a written contract with appellants, Mr. and Mrs. Baehr, on August 11, 1977. Dream Pools promised and agreed to construct and the Baehrs promised and agreed to purchase a swimming pool, which was to be built on the Baehrs' property for $5000.00. The contract provided for a refund of the down payment ($20.00) if the contract were cancelled

---

1. The captions appearing on both briefs indicate that the appeal is from the order of December 4, 1981. On November 24, 1981, the Honorable Horace A. Davenport, ordered the dismissal of appellants' motion for a new trial. Judgment was entered in favor of appellee against appellants for $1,650.00 on December 4, 1981. On December 28, 1981, appellants appealed from "the order dated December 4, 1981." We can only assume they refer to the entry of final judgment on December 4, 1981. Pa.R.App.P. 301(c) specifically says that an order denying a motion for a new trial is not an appealable order; rather, it must first be reduced to judgment and docketed before an appeal is taken. Thus, we find that appellants' appeal must be considered to be taken from the entry of judgment. *See Donson v. Satterthwaite,* 297 Pa.Super. 496, 444 A.2d 141 (1982); *Anskis v. Fischer,* 294 Pa.Super. 212, 439 A.2d 826 (1982); *Davanzo v. Finelli,* 293 Pa.Super. 70, 437 A.2d 995 (1981).

within three (3) days. The Baehrs did not cancel within three days. However, on August 24, 1977, thirteen (13) days later, Mrs. Baehr telephoned Dream Pools and announced the Baehrs' unconditional repudiation and cancellation of the contract.

Dream Pools subsequently sued the Baehrs for lost profits of $1,650.00, plus incidental expenses of commissions, advertising, and overhead.[2] The case was initially heard by a board of arbitrators, which found in favor of Dream Pools for $2,150.00. The Baehrs appealed from this award, and the case was tried again before the Honorable Horace A. Davenport. After a non-jury trial, Dream Pools again received a verdict in its favor, this time for $1,650.00. Thereafter, the Baehrs filed a motion for a new trial. That motion was denied on November 24, 1981 and judgment was entered accordingly on December 4, 1981. The Baehrs filed this timely appeal.

The Baehrs raise two questions for our consideration:

(a) Where no agreement, written or otherwise, has been made by the parties to submit any case to a trial by and before a Judge alone without a jury, may a judge validly order such a trial before himself alone and render a valid judgment th[e]rein?

(b) Where, in a written contract to excavate and construct a swimming pool on defendants' residential property is cancelled by defendants in ten (10) days (too late for refund of earnest money); and the plaintiff-contractor thereafter does nothing; i.e. digs no excavation, nor sends equipment, workmen, or tools to defendants' property and makes no part performance whatever, may such plaintiff-contractor sue and obtain a judgment for general business expenses and loss of profits?

Brief for Appellants at 1. We answer the first affirmatively but are unable to answer the second for reasons explained herein.

2. The total amount requested, including interest and costs, less the down payment, was $2,280.00 in the original complaint, and $3,330.00 in the amended complaint.

■ The Baehrs urge us to adopt the position that a trial judge cannot render a valid judgment following a bench trial before himself or herself, where there is no agreement, written or otherwise, waiving trial by jury. We find that such a position does not represent the current law in Pennsylvania.

The law pertaining to trial by jury and waivers thereof is set forth in 42 Pa.C.S.A. § 5104(a): [3]

(a) **General rule.**—Except where the right to trial by jury is enlarged by statute, trial by jury shall be as heretofore, and the right thereof shall remain inviolate. Trial by jury may be waived in the manner prescribed by general rules.

Dream Pools points to Pa.R.C.P. 1007.1 as such a general rule. Pa.R.C.P. 1007.1 states in pertinent part:

(a) In any action in which the right to jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than twenty (20) days after service of the last permissible pleading. The demand shall be made by endorsement on a pleading or by a separate writing.

(b) Where an appeal is taken from an award in compulsory arbitration and a jury trial has not theretofore been demanded, the right to a jury trial shall be deemed waived unless the appellant endorses a demand for a jury trial on his appeal, or unless the appellee files and serves a written demand for a jury trial not later than ten (10) days after being served with the notice of appeal.

*Note:* Trial without jury shall be conducted in accordance with Rule 1038.

■ Examination of the pleadings and other writings filed by the parties reveals that no such written demand for a jury trial was requested. This case was originally heard before an arbitration board; the Baehrs appealed from that adverse ruling to the Court of Common Pleas of Montgomery County. However, whether the time for a jury demand

3. Act of July 9, 1976, P.L. 586, No. 142, § 2. As amended Act of April 28, 1978, P.L. 202, No. 53, §§ 10(57), 21.

was ten days under Rule 1007.1(b) or twenty days under Rule 1007.1(a) is immaterial in this case, because no jury trial was *ever* demanded. The record is devoid of any showing that the Baehrs did not willfully proceed in the manner that they did. The explicit language of Rule 1007.1 compels us to conclude that the Baehrs waived their right to trial by jury.

The Baehrs also question whether Dream Pools can properly obtain a judgment for general expenses and loss of profits. In order to get to the merits of this issue, we must first cut through some procedural underbrush. Pa.R.C.P. 1038(d) governs the procedure to be used after the filing of a decision in a nonjury assumpsit trial.

> (d) Within ten (10) days after notice of the filing of the decision,. exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed.

No exceptions, timely or otherwise, were filed by the Baehrs. Instead, they filed a motion for a new trial, with an added hand-written notation moving for judgment non obstante veredicto, both of which are specifically prohibited by the rule. Such motions have been abolished in non-jury assumpsit and trespass actions. *Camp Construction Corp. v. Lumber Products Co.*, 311 Pa.Super. 381, 384 n. 1, 457 A.2d 937, 939 n. 1 (1983); *Karpe v. Borough of Stroudsburg*, 290 Pa.Super. 559, 561 n. 1, 434 A.2d 1292, 1293 n. 1 (1981).

We believe that the rules of civil procedure should be followed in order to insure the smooth and efficient operation of the judicial process. However, in applying these rules, we are guided by the policy embodied in Pa.R.

C.P. 126, which provides for liberal construction of the rules in order to ensure that justice is accorded to the parties involved. We are permitted to disregard procedural errors which do not affect the substantial rights of the parties. Therefore, even though the motion filed by the Baehrs was captioned improperly, we will treat it in the same manner as the trial judge apparently did, as timely-filed exceptions to the verdict of September 3, 1981. *Pomerantz v. Goldstein,* 479 Pa. 175, 387 A.2d 1280 (1978); *Camp Construction Corp. v. Lumber Products Co., supra; Karpe v. Borough of Stroudsburg, supra; Norris Van Tops, Inc. v. Kopitsky,* 278 Pa.Super. 77, 419 A.2d 1365 (1980).

Even treating the motion for a new trial as the filing of exceptions does not give the Baehrs clear sailing. The motion was dismissed by the trial judge for the Baehrs' failure to file a brief supporting the motion within thirty (30) days after filing a praecipe to list the motion for argument. The matter was praeciped for argument on October 14, 1981. On November 24, 1981, 41 days later, the lower court entered an order dismissing the motion for a new trial.

The reason for the dismissal of the motion was the failure to file a timely brief according to local rule 302(d) of the Montgomery County Rules. Rule 302(d) has been the subject of a number of previous cases. Until recently, our decisions upheld the validity of Rule 302(d). *See Dunham v. Temple University,* 288 Pa.Super. 522, 432 A.2d 993 (1981); *Hesselgesser v. Glen-Craft Contractors, Inc.,* 287 Pa.Super. 319, 430 A.2d 305 (1981). However, starting in 1981, in *Haney v. Sabia,* 59 Pa.Commw. 123, 428 A.2d 1041 (1981), the automatic nature of Rule 302(d) began to be questioned. A series of decisions reversing or remanding cases involving Rule 302(d) followed: *Bassion v. Janczak,* 299 Pa.Super. 195, 445 A.2d 521 (1982); *Fred Lowenschuss Associates v. DePallo,* 296 Pa.Super. 88, 442 A.2d 310 (1982); *Seidel v. Great Factory Store,* 291 Pa.Super. 255, 435 A.2d 896 (1981); *Shapiro v. Albright,* 287 Pa.Super. 414, 430 A.2d 672 (1981). Two cases which reached our

supreme court held that a rule mandating strict enforcement of filing requirements for reply briefs to motions was invalid as being inconsistent with the fairness mandated by the Rules of Civil Procedure. *Byard F. Brogan v. Holmes Electric Protective Company*, 501 Pa. 234, 460 A.2d 1093 (1983); *DeAngelis v. Newman*, 501 Pa. 144, 460 A.2d 730 (1983).

Here, we deal not with the Rule 302(d) which was the subject of the above-named cases, but with the revised Rule 302(d),[4] which went into effect October 27, 1980. The rule,

**4.** Effective October 27, 1980, Montgomery County Rule 302(d) was revised as follows:

(d) Brief required—In Interlocutory matters, 302(c)(1), briefs or memoranda of law may be submitted by counsel to the court administrator at any time prior to the day of argument or to the hearing judge at the time of argument. In Appealable matters, 302(c)(2), the moving party or parties shall file its brief within 30 days of the filing of the motion, petition or preliminary objection, and shall file the same by giving three copies of the brief to the court administrator's office, who shall stamp the same received, and by serving concurrently therewith copies upon all other parties of record. The court administrator shall distribute to the judge or judges assigned to hear those matters, a copy of said brief or briefs.

The responding party or parties, within 30 days of the filing and service of the moving party's brief, shall likewise file three copies of its brief with the court administrator's office, who shall stamp the same received, and shall serve concurrently therewith copies upon all other parties of record. The court administrator shall distribute to the judge or judges assigned to hear those matters, a copy of said brief or briefs.

If the briefs of either the moving party or responding party are not timely filed within the period above stated, unless the time shall be extended prior thereto by the court for good cause and reason shown, the court administrator shall notify the court. The court may then, or at any time subsequent thereto:

(1) Dismiss the motion, petition, preliminary objection or other matter, where the moving party has failed to comply, or

(2) Grant the requested relief where the responding party has failed to comply, or

(3) Direct the matter to be listed for argument, at which time the complying party or parties shall alone be heard and/or

(4) Impose such other sanction upon a noncomplying party as it shall deem proper. No extention [sic] of time for the filing of briefs by agreement of counsel shall be permitted.

The moving party shall file a praecipe in duplicate with the prothonotary at the time it files its Appealable matter and the prothonotary shall time-stamp the praecipe. The moving party

as amended, now gives the court discretion to determine and impose an appropriate sanction for failure of a party to comply with the time constraints imposed by the rule. *Seidel v. Great Factory Store, supra.* Just recently, in *Murphy v. Brong*, 321 Pa.Super. 340, 468 A.2d 509 (1983), we were called upon to comment on amended Rule 301(d), the companion rule to 302(d). Rule 301(d), which was also revised in 1980, now gives the court discretion, as compared to the old mandatory rule, to determine and impose proper sanctions for failure of a party to comply with similar time constraints for filing briefs.

> [W]e note that the order from which this appeal was taken would appear to be a proper exercise of the discretion of the trial judge, pursuant to the *amended* Montgomery County Rule 301(d). The opinions of the Supreme Court in *Byard F. Brogan, Inc. v. Holmes Electric Protective Company of Philadelphia*, 501 Pa. 234, 460 A.2d 1093 (1983) and *DeAngelis v. Newman*, 501 Pa. 144, 460 A.2d 730 (1983) and the decision of this Court in *Ricci v. Ricci*, 318 Pa.Super. 445, [465 A.2d 38] (1983) would not, therefore, be dispositive of this appeal since those decisions reviewed the prior Montgomery County Rules 301(d) and 302(d) which prohibited the exercise of discretion by the court and required that mandatory sanctions be imposed.

*Id.*, 321 Pa.Superior Ct. at 344, 468 A.2d at 511.

While not dispositive, we find upon closer examination that *Ricci v. Ricci*, 318 Pa.Super. 445, 465 A.2d 38 (1983) is very persuasive because of its similarity to our case. *Ricci* was an equity action by a party seeking specific performance of a property settlement agreement against her ex-spouse. After trial, the court filed findings of fact, conclusions of law, and a decree nisi, to which both parties excepted.

> On August 6, 1980, [plaintiff] praeciped all exceptions on the argument list and thereby triggered Montgomery

shall serve a copy of the praecipe on opposing counsel or unrepresented party along with the motion or petition.

County R.C.P. 301(d) which required the parties to file briefs in support of their respective exceptions within thirty days. [Defendant] did not file his brief within the required time, and the court denied a request for an extension. On September 26, 1980, [defendant's] exceptions were dismissed by an order which provided, in part, as follows: "Plaintiff having filed a praecipe to have both plaintiff's and defendant's exceptions listed for argument and thirty (30) days having passed and defendant having failed to file briefs, *defendant's exceptions are, therefore, dismissed as required by M.C.R.C.P. 301(d)*."

*Id.*, 318 Pa.Superior Ct. at 447, 465 A.2d at 38–39, footnote omitted. The case was remanded by this court, using the following reasoning:

In the instant case, the trial court dismissed [defendant's] exceptions solely because his counsel had failed to file a brief within the time allowed therefore by Montgomery County R.C.P. 301(d). The record permits no other explanation; and the court's order itself confirms that it was entered in reliance upon the local rule. This constituted the same strict application of a local filing rule, without regard for considerations of equity and fairness, which the Supreme Court condemned in *Byard F. Brogan, Inc. v. Holmes Electric Protective Company of Philadelphia, supra.*

*Id.*, 318 Pa.Superior Ct. at 448–49, 465 A.2d at 39–40, footnote omitted.

We acknowledge that the Rule 301(d) in *Ricci* was the old mandatory rule, while we deal with the amended, discretionary rule in the instant case. What is apparent to us, however, is the automatic nature of the trial judge's order in this case. Despite the discretionary nature of Rule 302(d), as amended, and as in effect at the time of the order in question, the lower court's order is automatic in nature. The order dismissing the Baehr's motion for a new trial reads as follows:

AND NOW, this 24th day of November, 1981, Plaintiff having filed a praecipe to have Defendants Motion for

New Trial listed for argument and thirty (30) days having passed without the requisite filing of supporting briefs, *as required by* Rule 302(d) the Motion is therefore dismissed. [emphasis added].

Nor does the trial court's opinion of February 19, 1982 give us any reason to believe that this order was anything but an automatic act by the trial judge. There is no evidence that the judge considered the circumstances surrounding the delay or the reasons for the failure of the Baehrs to comply with the rule before concluding that the appropriate sanction was to dismiss the motion for a new trial.

█ We do not hold that Montgomery County Rule 302(d), as amended, is faulty in anyway. What we do hold is that under the facts of this case, the trial judge abused his discretion by applying the rule strictly without regard for considerations of fairness and equity. *Ricci v. Ricci, supra.* Therefore, we remand to the lower court for further proceedings not inconsistent with this opinion.

Reversed and remanded. Jurisdiction is relinquished.