493 A.2d 732

**Walter R. DAVISON, Appellee,**

v.

**JOHN W. HARPER, INC. and John W. Harper, Jr., Appellants.**

Superior Court of Pennsylvania.

Argued Nov. 27, 1984.

Filed May 24, 1985.

Bernard M. Berman, Media, for appellants.

Stephen S. Smith, Upper Darby, for appellee.

Before WIEAND, MONTEMURO and CERCONE, JJ.

WIEAND, Judge:

The Court of Common Pleas of Delaware County, relying upon a local rule of court, dismissed post-trial motions without considering the substantive merit thereof because the motions had not been accompanied by an order directing that the trial record be transcribed. On appeal, it is argued that the trial court placed an improper construction on the local rule and, if proper, the rule is in conflict with the Rules of Civil Procedure and invalid. We agree and reverse.

Walter R. Davison successfully prosecuted a civil claim for the recovery of real estate commissions in the amount of $4,770. John W. Harper, Jr. and John W. Harper, Inc., the defendants, filed timely motions for judgment n.o.v. and for new trial.[1] Their post-trial motions, however, were not accompanied by an order for the transcribing of the testimony received at trial. This order was not presented to the court until September 1, 1983. On September 23, 1983, the trial judge sua sponte dismissed the post-trial motions without hearing. His order contained a finding that the defendants had intentionally delayed filing an order to transcribe for nearly five months. This, he held, was in violation of Delaware County Rule * 227.2. The local rule provided as follows:

1. Although the trial court held that the post-trial motions had been filed untimely, it is clear that this was erroneous. The verdict was returned on March 24, 1983, and post-trial motions were filed on April 4, 1983, eleven days later. The parties have stipulated, however, that the tenth day, April 3, 1983, was a Sunday. Therefore, a post-trial motion filed on Monday, April 4, 1983, was timely.

All post-trial motions shall be accompanied by an order directing that the trial testimony and the court's charge or such portion thereof as is requested be transcribed at the cost of the moving party. Where less than all the testimony and charge have been requested to be transcribed any party shall have ten (10) days after the service of the post-trial motions and proposed order for transcription in which to file objections to the proposed order. The trial judge shall rule on the objections.

■■■■ It is without dispute that a local court has the right to promulgate local rules of procedure. *Ricci v. Ricci,* 318 Pa.Super. 445, 447, 465 A.2d 38, 39 (1983); 42 Pa.C.S. § 323. It is equally well settled that "[t]he application, construction and interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule[,] and we will interfere only where the court commits an abuse of discretion." *Gutman v. Rissinger,* 334 Pa.Super. 259, 264–265, 482 A.2d 1324, 1327 (1984), quoting *Equipment Finance, Inc. v. Toth,* 328 Pa.Super. 351, 355, 476 A.2d 1366, 1369 (1984). Local rules, however, must be consistent with and not in conflict with the Pennsylvania Rules of Civil Procedure. To the extent that they are not consistent with state procedural rules, local rules are invalid and cannot be followed. *Gonzales v. Procaccio Brothers Trucking Co.,* 268 Pa.Super. 245, 249, 407 A.2d 1338, 1340 (1979) (allocatur denied October 29, 1979). See also: *Sporkin v. Affinito,* 326 Pa.Super. 481, 485, 474 A.2d 343, 345 (1984); *Wills Equipment Co. v. Goldman Enterprises, Inc.,* 325 Pa.Super. 116, 120, 472 A.2d 674, 677 (1984). "A rule which arbitrarily and automatically requires the termination of an action in favor of one party and against the other based upon a non-prejudicial procedural mis-step, without regard to the substantive merits and without regard to the reason for the slip, is inconsistent with the requirement of fairness demanded by the Pennsylvania Rules of Civil Procedure." *Byard F. Brogan, Inc. v. Holmes Electric Protective Company of Philadelphia,* 501 Pa. 234, 240, 460 A.2d 1093, 1096 (1983). See also: *Dream*

*Pools of Pennsylvania, Inc. v. Baehr,* 326 Pa.Super. 583, 474 A.2d 1131 (1984).

■ The Delaware County rule mandates that all post-trial motions shall be accompanied by an order directing that the testimony and the trial court's charge be transcribed. This rule, however, provides neither remedy nor penalty in the event that the rule is not followed. The trial court in the instant case interpreted the rule to require dismissal of a post-trial motion filed in violation of the rule. It dismissed the post-trial motions without hearing argument thereon or otherwise considering the merits thereof. We conclude that such an interpretation of the rule was an abuse of discretion. If automatic dismissal of post-trial motions was to be the penalty for violating the rule, the bar and the public were entitled to notice in the form of a specific mandate in the language of the rule. The interpretation placed on the rule by the trial court, moreover, rendered the local rule in conflict with the Pennsylvania Rules of Civil Procedure.

The decision of the Supreme Court in *Byard F. Brogan, Inc. v. Holmes Electric Protective Company of Philadelphia, supra,* is instructive if not precisely on all fours. There the Supreme Court invalidated a local rule in Montgomery County which had mandated that upon late filing of briefs the court was to decide a pending motion, petition or preliminary objection against the tardy party. The Supreme Court found the local rule inconsistent with Pa.R. C.P. 126, which directs the liberal construction of rules "to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable" and permits a court to "disregard any error or defect of procedure which does not affect the substantive rights of the parties." The Court said:

> The trial of a lawsuit is not a sporting event where the substantive legal issues which precipitated the action are subordinate to the "rules of the game." A lawsuit is a

judicial process calculated to resolve legal disputes in an orderly and fair fashion. It is imperative that the fairness of the method by which the resolution is reached not be open to question.

*Id.* 501 Pa. at 240, 460 A.2d at 1096. See also: *DeAngelis v. Newman,* 501 Pa. 144, 460 A.2d 730 (1983).

In *Ricci v. Ricci, supra,* this Court invalidated a local rule which required the parties to file briefs within thirty days of the filing of exceptions to a decree nisi upon penalty of an automatic determination against the defaulting party. We held, in view of *Brogan,* that the rule was in violation of the fairness requirement of Pa.R.C.P. 126. We also found it inconsistent with former Pa.R.C.P. 1519(b),[2] which required that exceptions be heard by the court en banc. We said that that rule did "not contemplate a local rule which requires mandatory and inflexible determinations of exceptions according to the dates of filing briefs and without regard for the merits or other considerations of equity and fairness." *Id.* 318 Pa.Super. at 448, 465 A.2d at 39.

2.  Pa.R.C.P. 1519, which applied to proceedings in equity, was rescinded by order of the Supreme Court on October 19, 1983, effective January 1, 1984. It was rendered superfluous by Rules 227.1 through 227.4, which were also made effective January 1, 1984 and which apply to all proceedings before the courts of this Commonwealth. Rule 227.1 governs generally the request and disposition of requests for post-trial relief. Rule 227.2 requires that all post-trial motions and other post-trial matters shall be heard and decided by the trial judge or, if he so orders, the court en banc. Rule 227.3 now requires that "[a]ll post-trial motions shall contain a request designating that portion of the record to be transcribed in order to enable the court to dispose of the motion." It further provides that "[w]ithin ten days after the filing of the motion, any other party may file an objection requesting that an additional, lesser or different portion of the record be transcribed. If no portion is indicated, the transcription of the record shall be deemed unnecessary to the disposition of the motion." Unlike Delaware County's rule, when no order for transcription is included, R.C.P. 227.3 deems transcription of the record unnecessary to the disposition of the motion, giving the nonmoving party an opportunity to object; it thereby gives the trial judge "ultimate authority to decide what portions of the record shall be transcribed." See: Pa.R.C.P. 227.3, Explanatory Comment—1983. This rule of statewide practice is inconsistent with the Delaware County rule. However, it is not controlling, for it did not become effective until January 1, 1984.

In the case sub judice, the trial court interpreted the rule to require dismissal of appellants' post-trial motion. The court acted sua sponte. Appellee had not averred prejudice or even requested dismissal of the post-trial motions. Appellants were not afforded an opportunity to explain the delay. The record does not disclose any reason to believe that appellants' default would in any way have deprived the trial court of a meaningful opportunity to weigh and decide the merits of appellants' post-trial motions. See: *Gutman v. Rissinger, supra,* 334 Pa.Superior Ct. at 266, 482 A.2d at 1328. We conclude, therefore, that the trial court's sua sponte, summary dismissal of appellants' post-trial motions was improper. The local rule did not require such a result and most certainly did not give notice that such a result would follow from the late filing of an order to transcribe testimony. To the extent that the rule can be interpreted in the manner determined by the trial court, moreover, the rule is in conflict with the fairness requirements of the Rules of Civil Procedure. See: *Byard F. Brogan, Inc. v. Holmes Electric Protective Company of Philadelphia, supra; Ricci v. Ricci, supra.*

Our holding finds additional support in Pa.R.C.P. 239(f), which became effective July 1, 1983 and provides:

No civil action or proceeding shall be dismissed for failure to comply with a local rule other than one promulgated under Rule of Judicial Administration 1901.

This rule, of course, prevents the *dismissal of actions* or proceedings for failure to comply with a local rule not in conformity with Pa.R.J.A. 1901. The trial judge in this case did not dismiss the action for violation of local rule but dismissed post-trial motions. For appellants, however, their right to have the trial reviewed has now been terminated. Thus, although Pa.R.C.P. 239(f) is not directly controlling of the decision in this case, the general principles which caused its adoption have persuasive force in the instant case.

Reversed and remanded for determination of appellants' post-trial motions. Jurisdiction is not retained.