541 A.2d 420

Robert Joseph Smith, Appellant *v.* Transportation Workers of America, AFL-CIO Local 234 and Southeastern Pennsylvania Transportation Authority, Appellees.

Argued December 17, 1987, before Judges MAC-PHAIL and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard W. Rogers,* with him, *Henry J. O'Hara, Richard W. Rogers & Associates,* for appellant.

*Nicholas J. Staffieri, SEPTA Legal Department,* for appellees.

OPINION BY JUDGE BARRY, May 13, 1988:

Robert Joseph Smith (appellant) appeals from an order of the Court of Common Pleas of Philadelphia County which sustained preliminary objections filed by appellee, Southeastern Pennsylvania Transportation Authority (SEPTA) and dismissed his complaint and action against SEPTA with prejudice.

On April 11, 1984, appellant was discharged by SEPTA due to an allegation that he was smoking marijuana in a restroom. Appellant, by an authorized representative of the appellee, Transportation Workers of America, AFL-CIO, Local 234 (Union), filed a grievance alleging that his discharge was without just cause. The grievance was addressed in two internal grievance procedures that were provided pursuant to the collective bargaining agreement between the Union and SEPTA. The discharge of the appellant was upheld, however, at both of those procedures. Following the entry of the decision in the second internal grievance procedure, appellant, under the collective bargaining agreement, had thirty days to request a hearing by the American Arbitration Association (AAA). The Union, however, filed for an arbitration hearing more than thirty days after the second level decision. As a result, the AAA ruled that the appellant's grievance was not arbitrable because it had not been timely filed.

Appellant then, on April 10, 1986, filed an equity action. This was ten months after he learned of the AAA's decision. In the action he requested that the court order the Union and SEPTA to arbitrate the issue of his

discharge. On May 1, 1986, pursuant to Philadelphia Rule of Civil Procedure No. 139, SEPTA filed preliminary objections in the form of a demurrer and a motion to dismiss due to laches. Thereafter, on May 30, 1986, SEPTA filed a copy of the preliminary objections with the Clerk of Motion Court. At the same time, pursuant to Philadelphia Rule of Civil Procedure No. 140 (Rule 140), it sent a copy of the preliminary objections and a memorandum of law in support thereof to the appellant. Accompanying those documents was a letter informing the appellant that he had until June 30, 1986, to file an Answering Memorandum.[1]

Appellant failed to file his answering memorandum by June 30, 1986. Consequently, the trial court, on July 15, 1986, dismissed the appellant's complaint and action as to SEPTA. In an opinion subsequently filed, the court stated that, because appellant failed to file a response to the preliminary objections, it had granted them as being uncontested. This appeal then followed. Appellant argues that the common pleas court erred by sustaining the preliminary objections without addressing the merits of the case solely because he failed to file a timely answering memorandum to the preliminary objections.

Initially we note that Rule 140 makes no provision for the automatic granting of a motion, petition or pre-

---

[1] The letter also stated: "If you do not choose to file a response, you are nevertheless required to comply with all the requirements of Section D of *Philadelphia R.C.P. No. 140.*" Apparently, SEPTA was proceeding under the local rules that were in effect prior to November 18, 1985. With the amendments to Philadelphia Rule No. 140, that went into effect on November 18, 1985, parties who choose not to respond to a motion, petition or preliminary objection are no longer required to file a letter acknowledging receipt of notice from the party filing the pleading, advising of the date that the response must be filed.

liminary objection in the event that the party opposing it fails to file a timely answer or answering memorandum. Therefore, we are not faced with a rule of the type that was invalidated in our Supreme Court's decision in *Byard F. Brogan, Inc. v. Holmes Electric Protective Company of Philadelphia,* 501 Pa. 234, 460 A.2d 1093 (1983), and *DeAngelis v. Newman,* 501 Pa. 144, 460 A.2d 730 (1983). On the other hand, the rule does not expressly provide for the discretionary imposition of alternative sanctions in the event of an untimely filing of an answer or answering memorandum by the party opposing the motion, petition or preliminary objections. Thus, it is unlike the rule involved in the case of *Appeal of Lynch Community Homes, Inc.,* 105 Pa. Commonwealth Ct. 29, 522 A.2d 716 (1987), wherein several alternative discretionary sanctions for failure of either the moving party or the respondent to file a timely brief were set forth. Despite the silence of the rule as to sanctions to be imposed for failure to comply with the requirement concerning the filing of briefs, however, the trial court still had the inherent power to impose sanctions for such failure. Under the circumstances, however, ruling against the non-complying party on the motion, petition or preliminary objection was not the sole sanction available to the court.

A trial court may extend or refuse to extend the time within which to meet a filing requirement, so long as the action taken does not amount to an abuse of discretion which causes manifest and palpable injury to one of the parties. *Brogan.* This practice comports with Pa. R.C.P. No. 126 which mandates a liberal construction of the rules in general and the disregard of any error or defect of procedure which does not affect the substantive rights of the parties. *Id.*

In *Brogan,* the Supreme Court's dissatisfaction with former Montgomery County Rule of Court No. 302(d)

stemmed from the fact that the rule "arbitrarily and automatically requires the termination of an action in favor of one party and against the other based upon a non-prejudicial procedural mis-step, without regard to the substantive merits and without regard to the reason for the slip." 501 Pa. at 240, 460 A.2d at 1096. In the present matter, it appears that the trial court automatically granted the preliminary objections and dismissed appellant's action as to SEPTA due to his failure to file a timely answering memorandum. The opinion does not reflect any consideration by the trial court of either the substantive merits of the preliminary objections or the reason that has been offered by the appellant for his failure to file his answering memorandum on time. The opinion simply reads as follows:

> The appellant, Robert Joseph Smith, appeals from this Court's Order dated July 15, 1986, granting defendant SEPTA's preliminary objections as uncontested and dismissing plaintiff's complaint as to SEPTA. This opinion is submitted to the Superior Court [sic] in support thereof. For the reasons stated herein, our Order of July 15, 1986, should be affirmed.
>
> Plaintiff served SEPTA with his complaint on April 16, 1986. On May 1, 1986, SEPTA filed its preliminary objections attacking the sufficiency of plaintiff's complaint. As no answer was filed by plaintiff, this Court granted the defendant's preliminary objections as uncontested.[2]

---

[2] By reason of the trial court's statement that the defendant's preliminary objections were uncontested because of appellant's failure to file a timely answering memorandum, one could conclude that the trial court, in ruling as it did, had relied upon former Philadelphia Rule 140(d) which provided that if the party opposing the petition, motion or preliminary objection failed to file an answering memorandum within the time provided by the rule, the matter would be treated as uncontested.

Given the general principle behind *Brogan*, the trial court's rationale cannot support the granting of SEPTA's preliminary objections. The trial court should have considered whether, in light of the excuse that has been offered by the appellant for his noncompliance with Rule 140, the most stringent sanction that could be imposed for noncompliance—namely, the granting of the preliminary objections—or the imposition of some other sanction was warranted.[3]

Consequently, it is ordered that this matter be remanded to the trial court for such consideration.

### ORDER

NOW, May 13, 1988, the order of the Court of Common Pleas of Philadelphia County, at No. 1013 April Term 1986, dated July 15, 1986, is hereby vacated and remanded for the purpose of considering whether in light of the excuse appellant has offered for noncompliance with Philadelphia R.C.P. 140, the granting of Southeastern Pennsylvania Transportation Authority's preliminary objections or the imposition of some other sanction is warranted for appellant's failure to comply with that rule and for any further proceedings.

Jurisdiction relinquished.

---

[3] Appellant indicates in his brief that the reason he failed to file his answering memorandum to SEPTA's preliminary objections was that his counsel was under the impression that those preliminary objections were to be resolved at the same time that preliminary objections filed by the Union were to be resolved and, apparently, that the answering memorandum to SEPTA's preliminary objections would be due at the same time that his answering memorandum to the Union's preliminary objections were due, which was August 16, 1986. (fn. # 1, p. 3; p. 12).