**Tengo S. JOLOZA, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 15, 2008.

Decided Oct. 22, 2008.

---

7. Dr. Talbot Deposition at 21.

Tengo S. Joloza, appellant, pro se.

Claudia M. Tesoro, Sr. Deputy Attorney General, Philadelphia and John G. Knorr, III, Chief Deputy Attorney General, Harrisburg, for appellee.

BEFORE: LEADBETTER, President Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Tengo S. Joloza (Joloza) appeals *pro se* from an order of the Court of Common Pleas of Philadelphia County (trial court) which sustained the uncontested preliminary objections filed by the Department of Transportation (Department) in response to a complaint filed by Joloza. We vacate and remand.

On June 28, 2006 Joloza filed a petition with the trial court which was entitled: ***TENGO S. JOLOZA MOTIONS THE COURT OF COMMON PLEAS OF PHILADELPHIA TO AWARD THE PLAINTIFF T W O HOUNDRED (SIC) AND TEN THOUSANDS (SIC) DOLLARS, FROM DAMAGES SUSTAIN [ED] AS THE RESULT OF PA DOT FAILURE TO CORRECT AND UPDATE RECORDS WHICH REFL[E]CT THE ORDER ENTERED BY [THE] COURT OF COMMON PLEAS OF PHILADELPHIA, TENGO S. JOLOZA vs. PA DOT, CASE # 060103894.*** (Emphasis in original.)

Along with the petition, Joloza filed a praecipe to proceed *in forma pauperis*. The trial court granted Joloza's praecipe and later dismissed his petition *sua sponte*.

On appeal, this court determined that Joloza's petition was a new civil action and the trial court erred in dismissing the petition after it had granted Joloza's praecipe to proceed *in forma pauperis*. *Joloza v. Department of Transportation, Bureau of*

*Driver Licensing*, (No. 2210 C.D.2006, Pa. Cmwlth., filed October 22, 2007). This court vacated and remanded the matter to the trial court ordering "that the trial court reinstate this case and that the Department must file either preliminary objections and/or an answer to Joloza's petition." *Id.* Slip opinion at 4.

On January 17, 2008, following this court's remand, the trial court issued an order directing the Department to "file Preliminary Objections or answer the Complaint within twenty (20) days of the date of this Order." (S.R.R. at 10b.) The order indicates that a copy thereof was sent to Joloza. (*Id.*)

On February 4, 2008, the Department filed preliminary objections in the nature of a demurrer arguing that Joloza's claims were barred by what is commonly called the Sovereign Immunity Act, 42 Pa.C.S. §§ 8521–8527. A copy of the preliminary objections was served on Joloza on that same date. (S.R.R. at 11b.)

■ Joloza did not respond to Department's preliminary objections. On March 11, 2008, the trial court sustained the preliminary objections and dismissed Joloza's complaint. This appeal followed.[1]

■ On appeal, Joloza initially argues that he was denied due process. Specifically, he claims that the trial court erred in dismissing his complaint for failing to respond to the Department's preliminary objections, because the trial court did not provide any written correspondence informing him of his right to file a response and the time within which to do so. We agree with the Department, however, that the trial court was not obligated to inform

Joloza of his right to respond to the Department's preliminary objections.

In accordance with Pa. R.C.P. No. 1026, every pleading subsequent to the complaint "shall be filed within twenty days after service of the preceding pleading. . . ." There is no requirement that the trial court personally advise a party as to the deadline for filing a responsive pleading. Because the Department filed and served a copy of the preliminary objections to Joloza on February 4, 2008, any answer was required to be filed by Joloza within twenty days therefrom.

Even though we agree with the Department that the trial court was not required to apprise Joloza of his right and the time within which to respond to the Department's preliminary objections, we nonetheless agree with Joloza that the trial court nonetheless erred in sustaining the Department's uncontested preliminary objections and dismissing his complaint.

In *Smith v. Transportation Workers of America AFL–CIO Local 234*, 116 Pa. Cmwlth. 143, 541 A.2d 420 (1988), the Southeastern Pennsylvania Transportation Authority (SEPTA) filed preliminary objections in response to an equity action filed by Smith. No answering memorandum was thereafter filed by Smith, as was required by local rules, and the trial court then granted SEPTA's preliminary objections as uncontested. This court vacated and remanded the case, concluding that the trial court improperly granted the preliminary objections based on Smith's failure to respond. This court observed that there was no indication in the record that the trial court had given any consideration to the substantive merits of the prelimi-

---

1. Our review from the trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court committed an error of law or abuse of discretion. *Cowell v. Department of Transportation*, 883 A.2d 705 (Pa.Cmwlth. 2005).

nary objections or of the reasons for Smith's failure to respond to them.

The Department nonetheless contends that *Smith* is distinguishable because, unlike Smith, Joloza has not offered any potentially legitimate explanation for his failure to respond to the Department's preliminary objections. We disagree.

■■■ "[P]reliminary objections should not be sustained solely on the ground that the preliminary objections are uncontested or unopposed." *Schuylkill Navy v. Langbord,* 728 A.2d 964, 965 (Pa.Super.1999). In *Schuylkill Navy* the Superior Court stated that when deciding preliminary objections, the court is required to consider the sufficiency of the cause of action alleged in a complaint before granting the party's preliminary objections. Failure of the trial court to consider the sufficiency of the complaint before sustaining preliminary objections and dismissing the case without leave to amend, is an abuse of discretion. *Id.* "Accordingly, an order sustaining preliminary objections based solely on the failure of a party to file timely a responsive brief or memorandum of law, without considering whether the complaint sufficiently pled a cause of action, amounts to an abuse of discretion." *Id.* at 968.

■■■ Here, Department contends that the trial court did in fact consider the merits of the case inasmuch as the trial court in its order stated that the "[c]omplaint is dismissed for failing to state a claim upon which relief can be granted." (S.R.R. at 10b.) However, the fact that the trial court did not consider Joloza's complaint before sustaining the Department's preliminary objections is confirmed by the trial court's opinion.

Therein, the trial court stated that the Department's preliminary objections were "uncontested". (Trial court opinion at 1.) Additionally, in its discussion, the trial court stated:

> [t]he sole issue alleged by Joloza is whether this Court 'dismissed the case *sua sponte,* without giving Tengo S. Joloza (Appellant) the opportunity to be heard. Thus denying Appellant *due process.'*
>
> Plaintiff [Joloza] was given twenty (20) days to respond to DOT's [Department's] Preliminary Objections but did not do so. In fact, the Preliminary Objections were not assigned to be ruled upon until March 6, 2008, which gave Plaintiff [Joloza] an additional ten (10) days to respond. (See Docket.) Plaintiff [Joloza], having not filed a response to Preliminary Objections, left this Court without recourse, but to sustain DOT's [Department's] Preliminary Objections as uncontested and dismiss the action.

(Trial court opinion at 3.)

Based on the above, the trial court did not consider the allegations as set forth in Joloza's complaint, but rather sustained the Department's preliminary objections and dismissed the complaint because of his failure to contest the preliminary objections. Such action by the trial court constitutes an abuse of discretion. *Schuylkill Navy.*[2]

In accordance with the above, we vacate the order of the trial court and remand the case for further proceedings.[3]

---

2. Since neither of the parties raise any issue as to Pa. R.C.P. No. 1029, it is not necessary to address the requirement therein that facts averred in preliminary objections must be specifically denied.

3. Because of our determination, we need not address Joloza's remaining issues.

## ORDER

Now, October 22, 2008, the Order of the Court of Common Pleas of Philadelphia County, in the above-captioned matter, is vacated. The case is remanded for further proceedings.

Jurisdiction relinquished.

DISSENTING OPINION BY President Judge LEADBETTER.

I must respectfully dissent. I do not disagree with the well-reasoned analysis of the majority. However, because I believe that the Department's immunity from this claim for damages is clear beyond any doubt, I would not further extend these proceedings but would affirm on this alternate ground.