# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Douglas Hoey,        :
       :
           Petitioner       :
       :
           v.             :     No. 541 M.D. 2014
       :
The Pennsylvania State Police of the    :     Argued:  September 16, 2015
Commonwealth of Pennsylvania,       :
       :
           Respondent     :

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
              HONORABLE BERNARD L. McGINLEY, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
              HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE MARY HANNAH LEAVITT, Judge[2]
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**[3]           **FILED:  January 19, 2016**

Before this Court in our original jurisdiction are the Preliminary Objections (POs) in the nature of a demurrer of the Pennsylvania State Police (PSP) to Steven

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[3] This matter was reassigned to the authoring judge on December 8, 2015.

Douglas Hoey's (Petitioner) "Amended Petition for Review in the Nature of a Writ of Mandamus Seeking to Compel the [PSP] to Change Petitioner's Sexual Offender Registration Status in Accordance with the Law Addressed to the Court's Original Jurisdiction" (Petition for Review). Petitioner alleges that the current registration and internet notification requirements imposed upon him by the Sexual Offender Registration and Notification Act (SORNA)[4] are unconstitutional and that he was improperly required to register under Megan's Law II and, therefore, improperly classified under SORNA as a Tier II offender. The PSP objects, in five POs, to the Petition for Review by alleging that Petitioner has failed to state a claim. For the reasons set forth below and in this Court's opinion in Taylor v. The Pennsylvania State Police, ___A.3d___ (Pa. Cmwlth., No. 532 M.D. 2014, filed January 12, 2016) (*en banc*), which involved almost identical claims and POs, we sustain the POs, in part, and overrule the POs ,in part.

---

[4] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41. Courts have also referred to SORNA as the Adam Walsh Act. SORNA is the General Assembly's fourth iteration of the law commonly referred to as Megan's Law. Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter. Megan's Law II was enacted on May 10, 2000 in response to Megan's Law I being ruled unconstitutional by our Supreme Court in Commonwealth v. Williams, 733 A.2d 593 (Pa. 1999). Our Supreme Court held that some portions of Megan's Law II were unconstitutional in Commonwealth v. Gomer Williams, 832 A.2d 962 (Pa. 2003), and the General Assembly responded by enacting Megan's Law III on November 24, 2004. The United States Congress expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901-16945, and the Pennsylvania General Assembly responded by passing SORNA on December 20, 2011 with the stated purpose of "bring[ing] the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006." 42 Pa. C.S. § 9799.10(1). SORNA went into effect a year later on December 20, 2012. Megan's Law III was also struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. Commonwealth v. Neiman, 84 A.3d 603, 616 (Pa. 2013). However, by the time it was struck down, Megan's Law III had been replaced by SORNA.

2

## I. Background

On June 3, 2002, Petitioner pled guilty in the United States District Court for the District of Maryland to Use of Interstate Commerce Facility to Engage in Sexual Activity[5] pursuant to an agreement with the United States of America. (Petition for Review ¶¶ 2, 4.)  Petitioner's guilty plea "result[ed] in a sentence in September 2002 of five (5) months imprisonment followed by five (5) months of house arrest and two (2) years supervised release."  (Petition for Review ¶ 4.) Petitioner moved to the Commonwealth of Pennsylvania prior to entering his plea and began registering as a sexual offender with the PSP on June 4, 2003 under the requirements of Megan's Law II.  (Petition for Review ¶¶ 3, 5-6.)  On December 3, 2012, Petitioner was notified by the PSP that, as a result of the enactment of SORNA, he was now classified as Tier Pending, which required Petitioner to register as a sexual offender for life.  (Petition for Review ¶ 8.)  Subsequently, the PSP notified Petitioner that he was classified as a Tier II offender and was subject to a twenty-five year registration period.  (Petition for Review ¶ 9.)

Petitioner filed his initial Petition for Review on October 14, 2014 and filed the amended version at issue here on January 28, 2015.  Therein, Petitioner alleges

---

[5] 18 U.S.C. § 2422(b).  That section of the federal crimes code provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Id.

that: (1) SORNA should not apply to him because Use of Interstate Commerce Facility to Engage in Sexual Activity, 18 U.S.C. § 2422, was not listed as an offense that required registration under Megan's Law II and that no equivalent offense existed at that time that would have required his registration; (2) SORNA is an ex post facto law as it retroactively increased the terms and period of his registration, requires him to register when previous versions of Megan's Law did not, and does not provide him with the means to terminate his registration; (3) SORNA "is not tailored to meet the desired government[al] interest" of protecting the population from recidivists; and (4) SORNA infringes upon his constitutionally protected interest to reputation without due process of law by utilizing an irrebuttable presumption that all sexual offenders pose a high risk of re-offense that is not universally true and that alternative means to assess sexual offenders' recidivism risks exist. (Petition for Review ¶¶ 10-16, 18-24.) Petitioner seeks an order from this Court declaring that Petitioner is no longer required to register under SORNA and that he must be removed from the PSP's website. (Petition for Review ¶ 25, Wherefore Clause.) In the alternative, Petitioner requests this Court to hold that SORNA is, for the reasons above, unconstitutional as applied to him. (Petition for Review ¶ 26, Wherefore Clause.)[6]

---

[6] Petitioner argues in his brief that SORNA should not apply to him because he entered an implied plea agreement with the Commonwealth that only required him to register for ten years and that SORNA impairs the obligations of his plea agreement in violation of the Contract Clauses of the United States and Pennsylvania Constitutions. (Petitioner's Br. at 9-21.) These arguments were not raised in the Petition for Review and we will not consider them. Coppolino v. Noonan, 102 A.3d 1254, 1280 (Pa. Cmwlth. 2014) (stating that "failure to raise an issue in a petition for review or to amend the petition to review to include that issue results in waiver"), aff'd, __ A.3d __ (Pa., No. 132 MAP 2014, filed November 20, 2015). Even if this issue was not waived, Petitioner has not stated a cognizable claim for relief. See Konyk v. Pennsylvania State Police, __ A.3d ___ (Pa. Cmwlth., No. 538 M.D. 2014, filed January 12, 2016) (holding that the

*(Continued…)*

4

In its POs, the PSP first alleges that Petitioner has failed to state a claim because SORNA applies to Petitioner and that Petitioner was properly classified as a Tier II offender under SORNA. (POs ¶¶ 24-36.) The PSP's next two objections to the Petition for Review, set forth in the same PO, are rooted in an understanding that Petitioner is asserting a cause of action in mandamus. (POs ¶¶ 38-49.) The PSP's first objection in this regard alleges that mandamus will not lie against the PSP because Petitioner's claims are barred by the six month statute of limitations applicable to these actions. The PSP cites to Curley v. Smeal, 41 A.3d 916, 919 (Pa. Cmwlth. 2012) (Curley I), aff'd but criticized sub nom., Curley v. Wetzel, 82 A.3d 418 (Pa. 2013) (Curley II), as standing for the proposition that actions against a government officer "'for anything he does in the execution of his office'" are subject to a six month limitations period that begins to accrue "'when the injury is inflicted and the right to institute a suit for damages arises.'" (POs ¶ 39 (quoting Curley I, 41 A.3d at 919).) According to the PSP, Petitioner's right to institute a suit arose on December 20, 2012, the date SORNA's requirements became effective, and the statute of limitations ran on June 20, 2013. (POs ¶¶ 42-43.) Because the instant suit was originally filed on October 14, 2014, well after June 20, 2013, Petitioner's claims are barred by the six month statute of limitations. (POs ¶ 44.) The PSP's PO alleges, in the alternative, that even if Petitioner's claims are not barred by the statute of limitations, mandamus will not lie against the PSP because Petitioner does not have a clear legal right to the relief sought, and the PSP lacks the duty and authority to provide such relief. (POs ¶¶ 45-48.)

---

petitioner failed to state a contract claim against the PSP based on an implied contract theory under similar facts).

5

The PSP also objects to Petitioner's constitutional challenges on their merits. The PSP's first allegation in this regard is that Petitioner has not stated a claim that SORNA is an ex post facto law because the retroactive application of SORNA was recently found to be non-punitive and constitutional by this Court in Coppolino v. Noonan, 102 A.3d 1254 (Pa. Cmwlth. 2014), aff'd, __ A.3d __ (Pa., No. 132 MAP 2014, filed November 20, 2015) and by the Superior Court in Commonwealth v. Perez, 97 A.3d 747 (Pa. Super. 2014). (POs ¶ 51.) Moreover, the PSP alleges that previous versions of Megan's Law were similarly upheld as non-punitive by the Pennsylvania Supreme Court. See Commonwealth v. Gomer Williams, 832 A.2d 962 (Pa. 2003) (addressing Megan's Law II); Commonwealth v. Gaffney, 733 A.2d 616, 621 (Pa. 1999) (addressing Megan's Law I). (POs ¶ 52.)

The PSP demurs to Petitioner's due process challenges under three theories. First, the PSP alleges that the United States Supreme Court's decision in Connecticut Department of Public Safety v. Doe, 538 U.S. 1, 8 (2003) (Connecticut II), established that Petitioner does not have a procedural due process right to challenge his registration requirement based on factors that "'are [not] relevant under the statutory scheme.'" (POs ¶¶ 54-60 (quoting Connecticut II, 538 U.S. at 8).) Alternatively, PSP alleges that "'whether the additional sanctions imposed under Megan's Law II are punitive in nature is the threshold due process inquiry.'" (POs ¶ 60 n.3 (quoting Gomer Williams, 832 A.2d at 970 n.13).) Because this Court and the Superior Court, in Coppolino and Perez, respectively, held that SORNA's requirements are not punitive, Petitioner's due process challenge also fails. (POs ¶ 60 n.3.)

6

Finally, the PSP alleges that SORNA's irrebuttable presumption that all sexual offenders required to register pose a high risk of recidivism poses no constitutional concerns. (POs ¶ 69.) The PSP notes that the Pennsylvania Supreme Court, in In re J.B., 107 A.3d 1 (Pa. 2014), recently struck down portions of SORNA as applied to juvenile offenders, but alleges that the Supreme Court's holding in that case does not apply to adult sexual offenders. (POs ¶¶ 63-67.) Furthermore, the PSP alleges that controlling authority from both the United States and Pennsylvania Supreme Courts support the legislative finding that "'[s]exual offenders post a high risk of committing additional sexual offenses.'" (POs ¶ 68 (quoting Section 9799.11(a)(4) of SORNA, 42 Pa. C.S. § 9799.11(a)(4)).) The PSP alleges that, because Petitioner cannot prove that it is not universally true that adult sexual offenders pose a high risk of recidivating, Petitioner's due process claims under the Pennsylvania Constitution fail as a matter of law. (POs ¶ 69.)[7]

## II. Discussion

Petitioner alleges first that he never should have been required to register under Megan's Law II and that, as a result, he should not be required to register under SORNA. In response, the PSP alleges that Petitioner has failed to state a

---

[7] In its Reply Brief, the PSP argues that this Court should grant its POs to Petitioner's due process and ex post facto claims because these issues were not opposed with substantial arguments in Petitioner's brief in opposition to the POs. Although Petitioner's brief in opposition is lacking argument on these issues, we disagree that this, alone, requires that we sustain the PSP's POs. "[P]reliminary objections should not be sustained solely on the ground that the preliminary objections are uncontested or unopposed." Joloza v. Department of Transportation, 958 A.2d 1152, 1155 (Pa. Cmwlth. 2008) (internal quotations omitted). When faced with a demurrer, we must test the legal sufficiency of the alleged claims regardless of whether the petitioner sufficiently responds directly to an averment in the preliminary objections or responds at all. Id. at 1154-55.

claim because: (1) his claim is barred by the applicable statute of limitations; and (2) it is clear, as a matter of law, that Petitioner was required to register under Megan's Law II and that Petitioner is properly classified as a Tier II offender under SORNA.

Even if Petitioner's claim that he should not have been required to register under Megan's Law II was timely, we agree with the PSP that Petitioner's claim lacks merit. Petitioner pled guilty to Use of Interstate Commerce Facility to Engage in Sexual Activity, 18 U.S.C. § 2422(b) in 2002. Pursuant to Section 9795.2(b)(1) of Megan's Law II, which was in effect at the time of Petitioner's release from incarceration in 2003, Petitioner was required to register with the PSP as a sexual offender if the federal offense for which he was convicted constitutes an "equivalent offense" to those listed in Section 9795.1 of Megan's Law II. Section 9795.2(b)(1) of Megan's Law II, 42 Pa. C.S. § 9795.2(b)(1) (deleted January 24, 2005 by Section 8 of Megan's Law III). The PSP determined that 18 U.S.C. § 2422(b) is similar to Section 5902(b.1) of the Crimes Code, related to Promoting Prostitution of a Minor.[8]

---

[8] 18 Pa. C.S. § 5902(b.1). Section 5902(b.1) provides:

    A person who knowingly promotes prostitution of a minor commits a felony of the third degree. The following acts shall, without limitation of the foregoing, constitute promoting prostitution of a minor:
    (1) owning, controlling, managing, supervising or otherwise keeping, alone or in association with others, a house of prostitution or a prostitution business in which a victim is a minor;
    (2) procuring an inmate who is a minor for a house of prostitution or a place in a house of prostitution where a minor would be an inmate;
    (3) encouraging, inducing or otherwise intentionally causing a minor to become or remain a prostitute;

*(Continued…)*

8

"[A]n equivalent offense is that which is substantially identical in nature and definition as the out-of-state or federal offense when compared to the Pennsylvania offense." Commonwealth v. Miller, 787 A.2d 1036, 1039 (Pa. Super. 2001) (internal quotation omitted). We compare "not only the elements of the crimes, but also . . . the conduct to be prohibited and the underlying public policy of the two statutes." Id. (internal quotations omitted). Petitioner pled guilty to violating 18 U.S.C. § 2422(b), which prohibits the use of any facility or means of interstate commerce in connection with "knowingly persuad[ing], induc[ing], entic[ing], or coerc[ing] any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so." Section 9795.1(a)(1) of Megan's Law II listed Section 5902(b.1) of the Crimes Code as a crime that carried a ten-year registration requirement. 42 Pa. C.S. § 9795.1(a)(1) (expired December 20, 2012, pursuant to 42 Pa. C.S. § 9799.41). Section 5902(b.1) of the Crimes Code prohibits knowingly promoting prostitution with a minor and includes a variety of acts that constitute such promotion. 18 Pa. C.S. § 5902(b.1). We conclude that the

---

(4) soliciting a minor to patronize a prostitute;

(5) procuring a prostitute who is a minor for a patron;

(6) transporting a minor into or within this Commonwealth with intent to promote the engaging in prostitution by that minor, or procuring or paying for transportation with that intent;

(7) leasing or otherwise permitting a place controlled by the actor, alone or in association with others, to be regularly used for prostitution of a minor or the promotion of prostitution of a minor, or failure to make reasonable effort to abate such use by ejecting the tenant, notifying law enforcement authorities or other legally available means; or

(8) soliciting, receiving or agreeing to receive any benefit for doing or agreeing to do anything forbidden by this subsection.

Id.

elements of 18 U.S.C. § 2422(b) are sufficiently similar to Section 5902(b.1) of the Crimes Code and that the public policy reasons for the two statutes are the same. Therefore, the two offenses at issue are equivalent offenses and Petitioner was required to register under Megan's Law II.

Further, Petitioner was properly classified under SORNA. Pursuant to Section 9799.13(3)(i) of SORNA, all individuals who were "required to register with the [PSP] pursuant to this subchapter prior to December 20, 2012, and who had not fulfilled the individual's period of registration as of December 20, 2012" are subject to the provisions of SORNA. 42 Pa. C.S. § 9799.13(3)(i). Petitioner's ten year registration period imposed pursuant to Megan's Law II began on June 4, 2003 and would have expired on June 4, 2013. Because Petitioner did not complete his term of registration by December 20, 2012, SORNA applies to him. Section 9799.14(c)(15) of SORNA classifies a violation of 18 U.S.C. § 2422(b) as a Tier II offense, which is subject to a twenty-five year registration requirement. Sections 9799.14(c)(15) and 9799.15(a)(2) of SORNA, 42 Pa. C.S. §§ 9799.14(c)(15), 9799.15(a)(2). Accordingly, we conclude that SORNA applies to Petitioner and that Petitioner was properly classified as a Tier II offender under SORNA.

Accordingly, we sustain the PSP's first PO and dismiss Petitioner's claim that he should not be required to register under SORNA because he should not have been required to register under Megan's Law II.

With regard to Petitioner's remaining claims and the PSP's corresponding POs, we addressed and resolved nearly identical issues in Taylor[9] and adopt the rationale set forth therein to resolve the remaining POs in this matter. We hold as follows: (1) the PSP's PO in the nature of a demurrer alleging that Petitioner's claims are barred by the applicable statute of limitations and that mandamus will not lie against the PSP because the PSP is incapable of providing the relief requested is overruled; (2) the PSP's PO in the nature of a demurrer alleging that Petitioner has not stated a claim challenging the internet notification provision set forth in Section 9799.28 of SORNA, 42 Pa. C.S. § 9799.28, under the Ex Post Facto Clause of the Pennsylvania Constitution is overruled; (3) the PSP's PO in the nature of a demurrer alleging, based on Connecticut II, that Petitioner does not have a right to be heard on factual issues irrelevant to his classification status is overruled; (4) the PSP's PO in the nature of a demurrer alleging that Petitioner cannot state a due process claim without first showing that the deprivation of his reputational interests is punitive is overruled; (5) the PSP's PO in the nature of a demurrer alleging that Petitioner is incapable of proving that SORNA's irrebuttable presumption is not universally true and violates his procedural due process rights under the Pennsylvania Constitution is overruled; (6) the PSP's PO in the nature of a demurrer to Petitioner's substantive due process challenge under the Pennsylvania Constitution is overruled; and (7) the PSP's POs are sustained with regard to the remainder of Petitioner's claims and these claims are dismissed with prejudice.

_____
**RENÉE COHN JUBELIRER, Judge**

---

[9] The instant case was argued with Taylor and six other cases.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Douglas Hoey,                          :
                                              :
                        Petitioner            :
                                              :
              v.                              :    No. 541 M.D. 2014
                                              :
The Pennsylvania State Police of the          :
Commonwealth of Pennsylvania,                 :
                                              :
                        Respondent            :

# **O R D E R**

**NOW**, January 19, 2016, the Pennsylvania State Police's (PSP) Preliminary Objections to the Amended Petition for Review in the above-captioned matter are **OVERRULED**, in part, and **SUSTAINED**, in part, as follows:

(1) The PSP's preliminary objection in the nature of a demurrer to the Amended Petition for Review alleging that Steven Douglas Hoey (Petitioner) was properly classified under the Sexual Offender Registration and Notification Act (SORNA) is **SUSTAINED**;

(2) The PSP's preliminary objection in the nature of a demurrer to the Amended Petition for Review alleging that Petitioner's claims are barred by the applicable statute of limitations is **OVERRULED**;

(3) The PSP's preliminary objection in the nature of a demurrer to the Amended Petition for Review alleging that mandamus will not lie against the PSP is **OVERRULED**;

(4) The PSP's preliminary objection in the nature of a demurrer to Petitioner's ex post facto challenge to SORNA's internet notification provision, 42 Pa. C.S. § 9799.28(a), under the Pennsylvania Constitution as set forth in the Amended Petition for Review is **OVERRULED**;

(5) The PSP's two preliminary objections in the nature of a demurrer to Petitioner's procedural due process challenges under the Pennsylvania Constitution in relation to SORNA's irrebuttable presumption as set forth in the Amended Petition for Review are **OVERRULED**;

(6) The PSP's preliminary objection in the nature of a demurrer to Petitioner's substantive due process challenge under the Pennsylvania Constitution as set forth in the Amended Petition for Review is **OVERRULED**;

(7) The PSP shall file an Answer to Petitioner's claims, set forth in Petitioner's Amended Petition for Review, that SORNA violates procedural and substantive due process under the Pennsylvania Constitution, and that Section 9799.28(a) of SORNA is an ex post

facto law under the Pennsylvania Constitution within thirty (30) days of the date of this Order;

(8) The PSP's preliminary objections are **SUSTAINED** with regard to the remaining claims set forth in the Amended Petition for Review; and

(9) Petitioner's remaining claims are **DISMISSED WITH PREJUDICE**.

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Douglas Hoey,                         :
                              Petitioner     :
                                             :
                    v.                       :  No. 541 M.D. 2014
                                             :  Argued: September 16, 2015
The Pennsylvania State Police of the         :
Commonwealth of Pennsylvania,                :
                              Respondent     :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge

**OPINION NOT REPORTED**


**CONCURRING AND DISSENTING
OPINION BY JUDGE LEADBETTER**          **FILED:  January 19, 2016**


        I dissent from that portion of the majority opinion which overrules
PSP's preliminary objections to petitioner's *ex post facto* claims regarding internet
notification.  Otherwise, I agree with the thorough and well reasoned discussion of
the merits of the remaining claims, and for the reasons stated in *Taylor v.
Pennsylvania State Police* (Pa. Cmwlth., No. 532 M.D. 2014, filed January 12,
2016), I concur in the result of the balance of the majority opinion.


                                    _____
                                    **BONNIE BRIGANCE LEADBETTER,**
                                    Judge