# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Roberto, : 
                Petitioner : 
             v. : No. 542 M.D. 2014
   : 
The Pennsylvania State Police of the : Argued: September 16, 2015
Commonwealth of Pennsylvania, : 
                Respondent : 


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
              HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[2]
              HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE MARY HANNAH LEAVITT, Judge[3]
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge[4]


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**[5]              **FILED: April 27, 2016**


       Before this Court in our original jurisdiction are the Preliminary Objections

(POs) in the nature of a demurrer of the Pennsylvania State Police (PSP) to

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

[3] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[4] This case was argued before an *en banc* panel of the Court that included Judge Bernard L. McGinley, who retired on January 31, 2016. Judge Wojcik has replaced former Judge McGinley on the *en banc* panel and has considered the matter on review of the parties' briefs.

[5] This matter was reassigned to the authoring judge on December 8, 2015.

Kenneth Roberto's (Petitioner) "Amended Petition for Review in the Nature of a Writ of Mandamus Seeking to Compel the [PSP] to Change Petitioner's Sexual Offender Registration Status in Accordance with the Law Addressed to the Court's Original Jurisdiction" (Petition for Review). At oral argument, Petitioner made an oral motion to stay the disposition of the POs so that he could provide the PSP with his sentencing orders, and the PSP could determine whether relief was appropriate based thereon. We granted said motion on January 14, 2016. Petitioner subsequently provided the PSP with documents related to his sentencing, and the PSP determined that no relief was appropriate. The matter is now ripe for our disposition.

Petitioner pleaded guilty to Sexual Abuse of Children – Photographing, Videotaping, Depicting on Computer or Filming Sexual Acts,[6] and Obscene and Other Sexual Materials and Performances – Dissemination to Minors[7] on April 1,

---

[6] Section 6312(b) of the Crimes Code, 18 Pa. C.S. § 6312(b). The offense is described as follows:

> (1) Any person who causes or knowingly permits a child under the age of 18 years to engage in a prohibited sexual act or in the simulation of such act commits an offense if such person knows, has reason to know or intends that such act may be photographed, videotaped, depicted on computer or filmed.

> (2) Any person who knowingly photographs, videotapes, depicts on computer or films a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such an act commits an offense.

Id.

[7] Section 5903(c)(1) of the Crimes Code, 18 Pa. C.S. § 5903(c)(1). A person violates this provision by "knowingly disseminat[ing] by sale, loan or otherwise explicit sexual materials to a minor." Id. Such materials include those that "are obscene or: (1) any picture, photograph, drawing, sculpture, motion picture film, videotape or similar visual representation or image of a

*(Continued…)*

2

2003. (Petition for Review ¶ 5.) Petitioner subsequently pleaded guilty to Corruption of Minors[8] on April 9, 2003. (Petition for Review ¶ 4.) Petitioner was sentenced for all charges to "five (5) years of probation and the completion of the Teen Challenge Program." (Petition for Review ¶ 6.) Petitioner alleges that he "was instructed and entered into a plea agreement" with the Commonwealth "pursuant to an understanding and agreement" that he was required to register only for 10 years. (Petition for Review ¶ 7.) According to Petitioner's allegations, Petitioner's understanding that he was only required to register as a sexual offender for 10 years "was an important consideration that Petitioner took into account in

---

person or portion of the human body which depicts nudity, sexual conduct, or sadomasochistic abuse and which is harmful to minors." Id.

[8] Section 6301(a) of the Crimes Code, 18 Pa. C.S. § 6301(a). The offense is defined as:

(1) (i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

(2) Any person who knowingly aids, abets, entices or encourages a minor younger than 18 years of age to commit truancy commits a summary offense. Any person who violates this paragraph within one year of the date of a first conviction under this section commits a misdemeanor of the third degree. A conviction under this paragraph shall not, however, constitute a prohibition under section 6105 (relating to persons not to possess, use, manufacture, control, sell or transfer firearms).

Id.

3

accepting a negotiated plea and which he relied upon." (Petition for Review ¶ 8.) On December 3, 2012, the PSP notified Petitioner that, pursuant to the enactment of the Sexual Offender Registration and Notification Act (SORNA),[9] Petitioner was now a Tier II offender, required to register twice a year for 25 years and that his registration information will be placed on the PSP's website for the same period of time. (Petition for Review ¶ 11.) Petitioner alleges that this increase in his registration period violates the Ex Post Facto and Contract Clauses of the United States and Pennsylvania Constitutions and the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. (Petition for Review ¶¶ 13-16, 18.) Further, Petitioner alleges that SORNA is an ex post facto law as applied to him because two of the crimes he pleaded guilty to did not carry registration requirements under the law in effect at the time of his negotiated plea agreement. (Petition for Review

---

[9] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41. Courts have also referred to SORNA as the Adam Walsh Act. SORNA is the General Assembly's fourth enactment of the law commonly referred to as Megan's Law. Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter. Megan's Law II was enacted on May 10, 2000 in response to Megan's Law I being ruled unconstitutional by our Supreme Court in Commonwealth v. Williams, 733 A.2d 593 (Pa. 1999). Our Supreme Court held that some portions of Megan's Law II were unconstitutional in Commonwealth v. Gomer Williams, 832 A.2d 962 (Pa. 2003), and the General Assembly responded by enacting Megan's Law III on November 24, 2004. The United States Congress expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901-16945, and the Pennsylvania General Assembly responded by passing SORNA on December 20, 2011 with the stated purpose of "bring[ing] the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006." 42 Pa. C.S. § 9799.10(1). SORNA went into effect a year later on December 20, 2012. Megan's Law III was also struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. Commonwealth v. Neiman, 84 A.3d 603, 616 (Pa. 2013). However, by the time it was struck down, Megan's Law III had been replaced by SORNA.

4

¶ 19.) Petitioner seeks specific performance of his plea agreement with the Commonwealth and an order declaring that he is not required to register beyond 10 years as the increased registration and notification requirements imposed upon him by SORNA are, for the above-stated reasons, unconstitutional. (Petition for Review ¶¶ 20-21, Wherefore Clause.)

The PSP demurs to the Petition for Review through six POs. The PSP first alleges that Petitioner has failed to state a claim because SORNA applies to Petitioner and Petitioner was properly classified as a Tier II offender due to his pleading guilty to violating Section 6312(b) of the Crimes Code, which carries a 25-year registration requirement. (POs ¶¶ 25-29.) Second, the PSP alleges with regard to Petitioner's due process challenge that "'the question of whether the additional sanctions imposed under Megan's Law II are punitive in nature is the threshold due process inquiry.'" (POs ¶ 31 (quoting Commonwealth v. Gomer Williams, 832 A.2d 962, 970 n.13 (Pa. 2003)).) Because this Court, in Coppolino v. Noonan, 102 A.3d 1254 (Pa. Cmwlth. 2014), aff'd, 125 A.3d 119 (Pa. 2015), and the Superior Court in Commonwealth v. Perez, 97 A.3d 747 (Pa. Super. 2014) held that SORNA's requirements are not punitive, the PSP alleges that Petitioner's due process challenge fails. (POs ¶¶ 32-33.) Third, the PSP demurs to Petitioner's contract related claims by alleging that: (1) the PSP is not liable for breach of contract because the PSP is not a party to the plea agreement between Petitioner and the Commonwealth; and (2) assuming that the PSP is a party to the plea agreement, a claim against the PSP is barred by sovereign immunity. (POs ¶¶ 34-41.) Fourth, the PSP alleges that Petitioner has not identified any constitutionally-protected interests under the Due Process Clause and that SORNA poses no ex post

5

facto concerns, citing Coppolino and Perez as binding authority to that end, as well as precedent holding that prior versions of Megan's Law were not ex post facto laws. (POs ¶¶ 43-46.) Fifth, the PSP alleges that mandamus will not lie against the PSP because the statute of limitations has run for these types of actions, and the PSP lacks the duty or authority to change Petitioner's registration requirements. (POs ¶¶ 48-58.) The PSP's final objection alleges that Petitioner's ex post facto challenge alleging that two of the crimes he pleaded guilty to were not classified as Megan's Law offenses is meritless because the third crime to which Petitioner pleaded guilty, Sexual Abuse of Children – Photographing, Videotaping, Depicting on Computer or Filming Sexual Acts, 18 Pa. C.S. § 6312(b), required him to register with the PSP as a sexual offender at the time of his conviction and now, under SORNA, Petitioner must register for 25 years. (POs ¶¶ 60-64.)[10] For the reasons that follow, we sustain the POs in part, and overrule the POs in part.

We shall first address the PSP's objections based upon Petitioner seeking the requested relief in a mandamus action and then proceed to those challenging the legal sufficiency of Petitioner's constitutional and contract claims. In assessing the legal sufficiency of a petition for review, "the Court must accept as true all well-

---

[10] In its Reply Brief, the PSP argues that this Court should grant its POs to Petitioner's due process, ex post facto, and contract claims because these issues were not opposed with substantial arguments in Petitioner's brief in opposition to the POs. Although Petitioner's brief in opposition is lacking argument on these issues, we disagree that this, alone, requires that we sustain the PSP's POs. "[P]reliminary objections should not be sustained solely on the ground that the preliminary objections are uncontested or unopposed." Joloza v. Department of Transportation, 958 A.2d 1152, 1155 (Pa. Cmwlth. 2008) (internal quotations omitted). When faced with a demurrer, we must test the legal sufficiency of the alleged claims regardless of whether the petitioner sufficiently responds directly to an averment in the preliminary objections or responds at all. Id. at 1154-55.

pleaded allegations of material fact as well as all reasonable inferences deducible therefrom." Rodgers v. Pennsylvania Department of Corrections, 659 A.2d 63, 65 (Pa. Cmwlth. 1995). A demurrer must only be sustained "where it appears, with certainty, that the law permits no recovery under the allegations pleaded." Id.

## I. Mandamus and Statute of Limitations

The PSP's objection is premised on its understanding that Petitioner is seeking relief in a mandamus action based on the title of his pleading. The PSP, citing this Court's decision in Curley v. Smeal (Curley I), 41 A.3d 916, 919 (Pa. Cmwlth. 2012), aff'd but criticized sub nom., Curley v. Wetzel (Curley II), 82 A.3d 418 (Pa. 2013), [11] alleges that actions in mandamus have a six-month statute of limitations, which had expired long before Petitioner filed his Petition for Review in October 2014. The PSP also alleges, in the alternative, that Petitioner's claims lack merit because mandamus is only applicable to situations where the petitioner has a clear legal right to the performance of a mandatory ministerial duty, and the PSP has no such duty here to provide the relief requested by Petitioner.

We addressed these precise issues at length in Taylor v. The Pennsylvania State Police, 132 A.3d 590, 598-600 (Pa. Cmwlth. 2016) (*en banc*)[12] where we overruled the PSP's objection to a petition self-labeled a "Petition for Review in

---

[11] This Court recently overruled Curley I in Morgalo v. Gorniak et al., ___A.3d___ , ___ (Pa. Cmwlth., No. 489 M.D. 2013, filed March 8, 2016) (*en banc*), slip op. at 8.

[12] The instant case was argued with Taylor, Dougherty v. Pennsylvania State Police, 132 A.3d 590 (Pa. Cmwlth. 2016, No. 537 M.D. 2014, filed April 27, 2016) (*en banc*), and five other cases.

7

the Nature of a Writ of Mandamus" because the petitioner's claims sounded in declaratory and injunctive relief and that while "[i]t would have been preferable for Petitioner to have titled his Petition for Review correctly," the Rules of Appellate Procedure should be liberally construed so that form is not exalted over substance.

Petitioner here requests this Court to order specific enforcement of the terms of his plea agreement and to conclude that: (1) the application of SORNA upon him is unconstitutional as it impairs the Commonwealth's obligations in its contract with Petitioner, in violation of the Contract Clauses of the United States and Pennsylvania Constitutions; (2) the retroactive application of SORNA upon him violates his plea agreement and the Due Process Clauses of the United States and Pennsylvania Constitutions; and (3) by changing, expanding, and extending Petitioner's registration and reporting requirements, SORNA retroactively imposes a form of punishment upon him in violation of the Ex Post Facto Clauses of the United States and Pennsylvania Constitutions. (Petition for Review ¶¶ 13-16, 18.) Like the petition for review in Taylor, these requests sound in declaratory and injunctive relief, asserting contractual and constitutional claims against a Commonwealth agency. Thus, pursuant to Taylor, we shall overrule the PSP's POs in this regard.

## II. Crimes Not Previously Requiring Registration

Petitioner alleges that the application of SORNA's increased registration requirements upon him violates the ex post facto clauses of the United States and Pennsylvania Constitutions, in part, because two of the crimes to which he pleaded guilty were not crimes that required registration under the law in effect at the time

8

of his conviction. (Petition for Review ¶ 19.) Petitioner alleges that the increase of his registration period from 10 years to 25 years was a result of these 2 crimes being recategorized as offenses that carry a registration requirement. (Petition for Review ¶ 19.) The PSP demurs to this claim by alleging that no ex post facto violation has occurred because under SORNA Petitioner is required to register for 25 years due to his conviction for violating Section 6312(b) of the Crimes Code, 18 Pa. C.S. § 6312(b) alone. (POs ¶¶ 61-62.) According to the PSP, if Petitioner's registration period was based on his convictions for all three crimes, he would have, pursuant to SORNA, been required to register for life. (POs ¶ 63); see Sections 9799.14(d)(16) and 9799.15(a)(3) of SORNA, 42 Pa. C.S. §§ 9799.14(d)(16) (providing that an offender convicted of two or more convictions listed as Tier I or Tier II offenses is classified as a Tier III offense), and 9799.15(a)(3) (providing that "[a]n individual convicted of a Tier III sexual offense shall register for the life of the individual").

Petitioner pleaded guilty to three offenses: violating Sections 5903(c)(1), 6301(a), and 6312(b) of the Crimes Code, 18 Pa. C.S. §§ 5903(c)(1), 6301(a), 6312(b). (Petition for Review ¶¶ 4-5.) The Act commonly referred to as Megan's Law II[13] was in effect at the time of his convictions. Petitioner's convictions for violating Sections 5903(c)(1) and 6301(a) of the Crimes Code, were not crimes for which registration was required under Megan's Law II, however, under Section 9795.1(a)(1) of Megan's Law II, a conviction for violating Section 6312(b) of the Crimes Code required Petitioner to register as a sexual offender with the PSP for 10 years. 42 Pa. C.S. § 9795.1(a)(1) (expired December 20, 2012, pursuant to

---

[13] The Act of May 10, 2000, P.L. 74, § 3.

9

Section 9799.41 of SORNA, 42 Pa. C.S. § 9799.41). Petitioner admits in his Petition for Review that he was required to register for 10 years as a result of his conviction for violating Section 6312(b). (Petition for Review ¶ 9.)

Under SORNA, Petitioner is subject to 25-year registration as a result of his conviction for violating Section 6312(b) of the Crimes Code, which was included in Megan's Law II as a crime requiring registration, regardless of Petitioner's other two convictions. Furthermore, even if Petitioner's increased registration requirement was caused by the reclassification of Petitioner's crimes of conviction under SORNA, the retroactive imposition of registration requirements upon a sexual offender does not run afoul of the Ex Post Facto Clauses of either the United States or the Pennsylvania Constitutions. See Smith v. Doe, 538 U.S. 84, 105 (2003) (addressing the application of Alaska's registration requirements upon appellants convicted of sexual offenses years prior to the law's enactment and concluded that the retroactive nature of the law does not violate the Ex Post Facto Clause of the United States Constitution); Commonwealth v. Gaffney, 733 A.2d 616, 622 (Pa. 1999) (addressing the application of Megan's Law I upon an appellant who committed sexually violent offenses prior to the enactment of the law and concluding that the retroactive registration of sexual offenders under the law does not violate the Ex Post Facto Clause of the Pennsylvania Constitution). Accordingly, the PSP's PO to Petitioner's allegation that his 25-year registration requirement was a result of an ex post facto application of the registration requirements associated with his convictions for violating Sections 5903(c)(1) and 6301(a) of the Crimes Code is sustained.

### III. Remaining Issues

Petitioner's remaining allegations that: (1) the increase in his registration period violates his rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of Pennsylvania Constitution; (2) the retroactive imposition of SORNA's registration and notification requirements upon him violates the Ex Post Facto Clauses of the United States and Pennsylvania Constitutions; and (3) the terms of his plea agreement have been breached by the imposition of SORNA upon him in violation of common law contract law and the Contract Clauses of the United States and Pennsylvania Constitutions, were thoroughly addressed in our opinions in Taylor and Dougherty v. The Pennsylvania State Police, ___A.3d___ (Pa. Cmwlth., No. 537 M.D. 2014, filed April 27, 2016) (*en banc*). These cases were argued together with the instant matter and addressed nearly identical allegations, objections, and factual predicates. We adopt the relevant rationales set forth therein to resolve the remaining POs as follows: (1) the PSP's PO in the nature of a demurrer alleging that Petitioner failed to state a claim because Petitioner is properly classified under SORNA is overruled, Taylor, 590 A.3d at 595 n.6; (2) the PSP's PO in the nature of a demurrer to Petitioner's due process challenge under the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution is sustained because he did not allege a constitutionally-protected interest under the Due Process Clauses of either Constitution, Dougherty, __ A.3d at __, slip op. at 11;[14] (3) the PSP's PO in the nature of a demurrer to

---

[14] However, pursuant to Taylor, we do not accept the PSP's allegation that Petitioner cannot assert a due process challenge to SORNA unless the alleged infringement upon Petitioner's rights is punitive in nature. See Taylor, 590 A.3d at 608.

11

Petitioner's request for specific enforcement of his plea agreement is sustained, id. at __, slip op. at 13-14; (4) the PSP's PO in the nature of a demurrer to Petitioner's challenge to SORNA under the Contract Clauses of the United States and Pennsylvania Constitutions is sustained, id.; (5) the PSP's PO in the nature of a demurrer alleging that Petitioner has not stated a claim challenging SORNA's *internet notification provision* under the Ex Post Facto Clause of the Pennsylvania Constitution is overruled, Taylor, 590 A.3d at 601-04; (6) the PSP's PO in the nature of a demurrer alleging that Petitioner has not stated a claim challenging SORNA's *registration requirements* under the Ex Post Facto Clause of the Pennsylvania Constitution is sustained, id. at 601; and (7) the PSP's PO in the nature of a demurrer alleging that Petitioner has not stated a claim under the Ex Post Facto Clause of the United States Constitution is sustained, id. at 601-02.

 

 

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Roberto,                          :
                                          :
                    Petitioner            :
                                          :
          v.                              :     No. 542 M.D. 2014
                                          :
The Pennsylvania State Police of the      :
Commonwealth of Pennsylvania,             :
                                          :
                    Respondent            :

# **O R D E R**

**NOW**, April 27, 2016, the Pennsylvania State Police's (PSP) Preliminary Objections to the Amended Petition for Review in the above-captioned matter are **OVERRULED**, in part, and **SUSTAINED**, in part, as follows:

(1) The PSP's preliminary objection in the nature of a demurrer to the Amended Petition for Review alleging that Kenneth Roberto (Petitioner) was properly classified under the Sexual Offender Registration and Notification Act (SORNA) is **OVERRULED**;

(2) The PSP's preliminary objection in the nature of a demurrer to the Amended Petition for Review alleging that the claims asserted are barred by the applicable statute of limitations is **OVERRULED**;

(3) The PSP's preliminary objection in the nature of a demurrer to the Amended Petition for Review alleging that mandamus will not lie against the PSP is **OVERRULED**;

(4) The PSP's preliminary objection in the nature of a demurrer to Petitioner's ex post facto challenge to SORNA's internet notification provision, 42 Pa. C.S. § 9799.28(a), under the Pennsylvania Constitution as set forth in the Amended Petition for Review is **OVERRULED**;

(5) The PSP's preliminary objections are **SUSTAINED** with regard to the remaining claims set forth in the Amended Petition for Review;

(6) Petitioner's claims that he is entitled to specific enforcement of his plea agreement pursuant to contract law and that the application of SORNA upon him violates the Contract Clauses of the United States and the Pennsylvania Constitutions are **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file an action asserting such claims in the appropriate court of common pleas;

(7) Petitioner's remaining claims are **DISMISSED WITH PREJUDICE**; and

(8) The PSP shall file an Answer to Petitioner's claims, set forth in Petitioner's Amended Petition for Review, that SORNA's internet

notification provision, 42 Pa. C.S. § 9799.28(a), violates the Ex Post Facto Clause of the Pennsylvania Constitution within thirty (30) days of the date of this Order.

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Roberto, : 
               Petitioner : 
                : 
          v. : No. 542 M.D. 2014
                : Argued:  September 16, 2015
The Pennsylvania State Police of the : 
Commonwealth of Pennsylvania, : 
             Respondent : 


BEFORE:    **HONORABLE DAN PELLEGRINI,** President Judge
               **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
               **HONORABLE RENÉE COHN JUBELIRER,** Judge
               **HONORABLE MARY HANNAH LEAVITT,** Judge
               **HONORABLE P. KEVIN BROBSON,** Judge
               **HONORABLE ANNE E. COVEY,** Judge
               **HONORABLE MICHAEL H. WOJCIK,** Judge


**OPINION NOT REPORTED**

**CONCURRING AND DISSENTING
OPINION BY JUDGE LEADBETTER**       **FILED:  April 27, 2016**

      I must respectfully dissent, in part, because I do not believe that the internet notice provision of SORNA implicates the ex post facto clause.  Rather, I would follow the reasoning of our sister court in *Commonwealth v. Ackley,* 58 A.3d 1284, 1286-87 (Pa. Super. 2012) (citing *Commonwealth v. Williams,* 832 A.2d 962 (Pa. 2003)).  Accordingly, I would sustain that preliminary objection.  Otherwise, I concur in the results reached by the majority.


                                          _____
                                          **BONNIE BRIGANCE LEADBETTER,**
                                          Judge