J-A28004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM B. HOOVER AND BARBARA A. HOOVER, HUSBAND AND WIFE | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | |
| MICHAEL LONDON | : : : | No. 363 WDA 2020 |

Appeal from the Judgment Entered March 4, 2020
In the Court of Common Pleas of Clearfield County Civil Division at
No(s):  2016-1870-CD

BEFORE:  OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY OLSON, J.:                    **FILED: MARCH 8, 2021**

Appellants, William B. Hoover and Barbara A. Hoover (husband and wife), appeal from the judgment entered on March 4, 2020 in the Civil Division of the Court of Common Pleas of Clearfield County.  We affirm.

The trial court summarized the facts and procedural history in this case as follows.

> This civil [action commenced when Appellants filed a complaint against Michael London (London) on November 16, 2016.[FN1]] Since 1985[, Appellants] have owned 58.5 acres with a house, barn, and outbuildings in Brady Township, Clearfield County. [Appellants] obtained from their predecessors in title a 16 foot wide strip of land for use as an access road to and from [their] property to State Route 410, a public highway.  London purchased a rectangular parcel of land consisting of .591 acres, the northern boundary being adjacent to State Route 410.  The eastern boundary of London's property, being approximately 270 feet, is contiguous to the 16 foot access road used by [Appellants] to access their property.

FN1 Appellants also sued Brady Township and the Clearfield County Planning and Community Development Office. Both entities were later removed as party defendants.

London's property contains a building which was previously the Salem Evangelical Lutheran Church. Following [his] purchase of the property, London converted the building into a gun shop. [Appellants' complaint pled counts of conversion and trespass], alleging London and his agents [] unlawfully used and interfered with portions of [Appellants'] access road to park excess customer vehicles and to receive deliveries. [Appellants] also claim[ed] they [] posted 'No Trespassing' signs on the access road, which [were] ignored and removed by London and/or his agents. As a result, [Appellants] claim a "significant loss to the value of their property" and an inability to freely move their farm equipment along the access road.

London filed an answer, new matter, and counterclaims in ejectment and trespass on December 15, 2016. Therein, London claim[ed] the 16 foot access road encroach[ed] upon his property and that neither he nor his customer[s'] cars or delivery vehicles had driven upon [Appellants'] access road. London also allege[d] that [Appellants] survey [was] incorrect, as the said survey "fail[ed] to recognize the sanctity of … London's property line." Answer to Complaint, 12/15/16, at 2 (unnumbered) para. 13. London's counterclaim [alleged] that [Appellants constructed] or expanded the access road onto his property, thereby trespassing. London [therefore asked] that [Appellants] be ejected from his property as he [was] entitled to immediate and exclusive possession[.]

The case proceeded to a non-jury trial on April 3, 2019. [Appellants' engineer Wilson Fisher (Fisher) and London's surveyor (Thorpe) were the most significant witnesses for each party]. Fisher's survey was admitted at trial as Plaintiffs' Exhibit 2, while Thorpe's survey was later admitted as Defendant's Exhibit B. Following trial[,] the [c]ourt ordered then received the parties' briefs. By order of [July 16, 2019,] the [c]ourt ruled in favor of London, and accepted the testimony and findings of Thorpe over that of Fisher. [Appellants' c]omplaint was dismissed and London's [c]ounterclaims granted.FN2 [The trial court gave Appellants] 120 days to relocate their access road off of London's property. [On July 26, 2019, Appellants filed a timely motion for post-trial relief. By order entered on August 16, 2019, the court

granted Appellants' motion to the extent it requested leave to file an amended motion following receipt of the trial transcript. The August 16, 2019 order also stayed the order to relocate the access road pending appeal. The court otherwise denied Appellants' motion. Appellants never filed an amended post-trial motion.]

> [FN2] London's claim for monetary damages failed as no [supporting] evidence [] was introduced by London at the time of trial.

Appellants filed a notice of appeal on September 13, 2019. [Thereafter, on October 16, 2019, the trial court directed Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Before Appellants filed their concise statement, this Court quashed the appeal, without prejudice, because Appellants failed to reduce the trial court's verdict to a final and appealable judgment. *See* Pa.R.A.P. 341].

[Appellants filed a praecipe to enter judgment on March 4, 2020; hence, their notice of appeal was deemed to be filed on that date. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). The trial court ordered Appellants to file a concise statement and, on April 2, 2020, Appellants timely complied. The trial court issued its opinion on June 22, 2020].

Trial Court Opinion, 6/22/20, at 1-3 (certain footnotes and extraneous capitalization omitted).

Appellants raise the following claims in their brief:

Whether the trial court erred by moving the boundary line in question, which had been the "consentable line" for [80] years[?]

Whether the trial court erred by finding in favor of [London] and ignoring the historical boundary line and forcing Appellants to move a private road, which had been in place for [80] years[?]

Whether the trial court erred by accepting the testimony and survey of [London's] surveyor over the testimony and survey of [Appellants'] surveyor at trial[?]

Appellants' Brief at 4.[1]

In their first issue, Appellants argue that they, London, and the parties' predecessors in interest, through their conduct for more than three decades, mutually recognized and treated the access road as the boundary line for the subject properties. As such, Appellants claim that the survey report and testimony offered by Thorpe accurately showed the access road as the governing boundary and that the trial court improperly rejected this evidence in ordering the movement of the private road.

We agree with the trial court that Appellants waived this claim. The only claims Appellants set forth in their complaint alleged causes of action for conversion and trespass. Appellants never pled that the parties, or their predecessors in interest, established a consentable line through their actions over the course of 21 (or more) years. In fact, Appellants did not raise the doctrine of consentable line until they filed their post-trial motion, after the conclusion of the bench trial. As such, Appellants waived appellate review of this claim. **See Brown v. Halpern**, 202 A.3d 687, 698 (Pa. Super. 2019) (where litigant fails to give trial court opportunity to dispose of issue at or prior to trial, allowing litigant to preserve claim by raising it for first time in post-trial motion would frustrate purpose of Rule 227.1, which is to give trial court opportunity to correct errors in its prior rulings); Pa.R.C.P. 227.1(b)(1)

_____

[1] We have re-ordered Appellants' claims to facilitate our discussion.

("post-trial relief may not be granted unless the grounds therefor, (1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof[,] or other appropriate method at trial").

Appellants' second and third claims are closely related and we shall consider them together. Here, Appellants assert that "[the clear] intent of the original conveyances was to convey the land of the existing road to [Appellants'] predecessors in interest." Appellants' Brief at 14. Appellants further maintain that Fisher, their surveyor, correctly employed this interpretive principle in preparing his report, which concluded that the access roadway determined the boundary line between the parties' respective properties. *See id.* Because, in Appellants' view, the historical use of the access road should have been considered in fixing the boundary line, they conclude that the trial court erroneously rejected Fisher's survey report and wrongly ordered them to move the roadway in contravention of years of historical evidence. *See id.* at 18-19.

After careful review of the parties' submissions, the notes of testimony from the non-jury trial, and the opinion of the trial court, we agree with the trial court that Appellants are not entitled to relief since the scope of the relevant conveyances and the intent of the parties must be determined from the unambiguous language of the 1952 deed. *See* Trial Court Opinion, 6/22/20, at 7, *citing* **Wysinski v. Mazzota**, 325 Pa. Super. 126, 134 (Pa.

Super. 1984) (when the language of a deed is free and clear from ambiguity,

the intent of the parties must be determined from the language of the deed).

In particular, the trial court explained:

> In the case at bar, the 1952 deed is absolutely clear the [16-foot wide access road] parcel begins at the eastern boundary of the church's property and the Luthersburg[-]Troutville Road and continues [south] along the eastern boundary line of the church's property.[2] The [then-existing] roadway did not define the eastern boundary line of [Appellants'] property. [Instead, t]he church's property line defined the grant to [Appellants]. [Appellants] have not cited a case that supports their position nor the position of their expert.
>
> [Appellants'] concise statement claims that the [trial c]ourt "erred by finding in favor of [London], thereby ignoring the historical boundary line and forcing [Appellants] to move a private road, which had been in place for [80] years." As noted in this [o]pinion[, Appellants] framed this case as a boundary line dispute. This case is not a claim for a private road created by a

---

[2] Earlier in its opinion, the trial court observed:

> [Appellants] framed this case as a boundary line dispute rather than one involving an easement or right of way. [Appellants] rely on the boundary line described in a March 3, 1952 deed from Salem Evangelical Lutheran Church to Merle and Arvella Marshall, Deed Book 419, page 355, to establish [Appellants'] ownership of a [16-foot] wide parcel of real property. *See* [Appellants'] Complaint, paragraph 6 and Exhibit C. This deed states as follows:
>
> > Beginning at the intersection of the eastern boundary of the Grantors land and the road leading from Luthersburg to Troutville; thence southerly along the eastern boundary line of the Grantor[']s land; and at all points [16] feet wide to the land of the Grantee. Said land herein conveyed being a sixteen foot road from the Luthersburg-Troutville road to the land of the Grantee.

Trial Court Opinion, 6/22/20, at 5.

prescriptive easement, nor as previously stated about a consentable line. This case is about the correct location of the boundary line between [Appellants'] and [London's] properties. [London] has met his burden of proof to show the correct location of the boundary (*i.e.* survey) line in question.

[London] has clearly identified the correct location of the eastern boundary line of [his] property. [Because the existing roadway crosses London's eastern boundary line and encroaches upon his property, London] is entitled to an order of ejectment, and the [trial c]ourt will grant [Appellants] a reasonable period of time to move the roadway off [London's] land and onto the land that was conveyed by the Salem Evangelical Church to [Appellants'] predecessor[s] in title[,] Merle and Arvella Marshall.

Trial Court Opinion, 6/22/20, at 7-8.

Because our review confirms that the trial court has adequately and accurately addressed the claims advance by Appellants, we affirm the judgment for the reasons set forth in the trial court's opinion and adopt the trial court's opinion as our own. We direct the parties to attach a copy of the trial court's June 22, 2020 opinion to all future filings relating to our disposition of this appeal.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/8/2021